**Dennis O'NEEL, Plaintiff-Appellant,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.; Birr, Wilson & Co., Inc.; and Richard Ryder, Director of Arbitration of the National Association of Securities Dealers, Defendants-Appellees.**

**No. 80–3254.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1981.

Decided Feb. 8, 1982.

David Clark Miller, Portland, Or., for plaintiff-appellant.

Andrew Mcr. Barnes, Washington, D.C., for defendants-appellees.

Before KILKENNY and GOODWIN, Circuit Judges, and PRICE *, District Judge.

PER CURIAM:

Appellant filed an action in District Court seeking declaratory and injunctive relief from a third-party claim against him in an arbitration proceeding. After a summary judgment entered in favor of the defendants National Association of Securities Dealers (hereinafter NASD), and Richard Ryder, Director of Arbitration for the NASD, plaintiff appealed.

O'Neel is a former employee of Birr, Wilson & Co., a member firm of the NASD, and a defendant in the arbitration action. Appellant took an examination to become a registered representative with the NASD in November, 1966, and in October, 1970, another examination to qualify as an NASD principal. Subsequent to successfully completing the 1970 examination, he became a vice-president and officer of Birr, Wilson &

---

* Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by delegation.

Company, remaining so until his resignation from that firm in June, 1974. He resigned from NASD effective October 14, 1975.

When appellant originally applied for NASD registration, he attested that he was familiar with the By-Laws, Rules for Fair Practice and Code of Procedure for Handling Trade Practice Complaints of the NASD. He further agreed that "I . . . hereby (1) accept and agree to abide by, to comply with and adhere to all the provisions, conditions and covenants of the Certificate of Incorporation, the By-Laws, the Rules of Fair Practice, and the Code of Procedure for Handling Trade Practice Complaints of the Association, and regulations of the association as they are, or may from time to time be adopted, changed or amended, and all ruling [sic], orders, directions and decisions of, and penalties imposed by the Board of Governors or any duly authorized committee, subject to right of appeal as provided by law . . . "

On January 3, 1979, Jane C. Graham, a former Birr, Wilson customer, filed a notice of claim in arbitration against Birr, Wilson & Co. alleging a violation of NASD rules and Federal Securities law. During the period of time the claim encompassed, appellant was her account executive at the firm. On March 26, 1979, Birr, Wilson filed a third-party claim against O'Neel seeking to impose liability on him for any damages awarded to the dissatisfied customer. Appellant then brought the instant action for declaratory and injunctive relief. The district judge, granting defendant's motion for summary judgment, found that:

1. While registered with the NASD, appellant had been bound to arbitrate; and

2. The termination of his registration had no effect on this obligation.

Appellant makes the following arguments on appeal:

1. There is a material question of fact as to whether or not he knew that the arbitration rules were incorporated by reference in the application he signed;

2. Even if it is found that he was bound to arbitrate such dispute during his tenure

as a registered representative with the NASD, that obligation did not survive his resignation from either the firm in 1974 or the NASD in 1975; and

3. The arbitration panel had no jurisdiction over the claim since the legal statute of limitations on the claim has run. Appellees contend that this issue is not properly before this court because it was not raised in the District Court below. Rather than spend the necessary time to determine appellant's standing on this issue, we dispose of it on the merits.

■ The principle that an arbitration provision, incorporated by reference into an application to become an allied member of a stock exchange, is enforceable where there has been no fraud in the inducement, is so clearly established that no further discussion other than that set out above is necessary. *See Muh v. Newburger, Loeb & Co., Inc.,* 540 F.2d 970 (9th Cir. 1976); *Tullis v. Kohlmeyer & Co.,* 551 F.2d 632 (5th Cir. 1977).

■ The only exception to this fundamental rule is found in those cases wherein the registered representative or stock-brokerage employee acted in the capacity of an *investor,* rather than that of an employee. *See Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Ayres v. Merrill Lynch & Co.,* 538 F.2d 532 (3rd Cir. 1976), cert. den. 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619; *Danford v. Schwabacher,* 342 F.Supp. 65 (N.D.Cal.1972), *app. dism.* 488 F.2d 454 (9th Cir. 1973).

■ Plaintiff, an experienced businessman, having admittedly signed not one but two applications with the NASD, is presumed to have read and understood the obligation he undertook. *See Tullis v. Kohlmeyer & Co.,* 551 F.2d 632 (5th Cir. 1977).

■ Appellant next asserts that the obligation to arbitrate, if it existed at all, did not survive his resignation from the NASD or the firm with which he was formerly connected. In *Muh v. Newburger, Loeb & Co., Inc., supra,* a panel of this circuit stated the rule to be as follows:

It would seem strange indeed that with such a significant integrated method of dispute settlement one party could frustrate the purpose of the Exchange rules and the federal policy favoring arbitration by the mere expediency of resignation from the Exchange. (540 F.2d 970, 973)

██ Finally, appellant asserts that the arbitration panel had no jurisdiction over the claim since the legal statute of limitations on the claim has run. Under the code of arbitration procedure applicable to the years in question, there was a five-year time limit for submission to arbitration. We adopt the rule enunciated in *Conticommodity Services v. Phillip & Lion*, 613 F.2d 1222 (2nd Cir. 1980), which holds, in effect, that the validity of time-barred defenses to enforcement of arbitration agreements should generally be determined by the arbitrator rather than by the court. We specifically renounce the contention that the defense of the statute of limitations goes to jurisdiction of the tribunal, whether it be judicial or arbitration.

AFFIRMED.