■ In the Matter of PAINEWEBBER INCORPORATED et al., Respondents, v IRENE A. MCADAMS, Appellant. [623 NYS2d 198] —Judgment of the Supreme Court, New York County (Harold Tompkins, J.), entered on March 16, 1993, which granted petitioners a permanent stay of those portions of an arbitration proceeding which related to investments made prior to January 13, 1986, is reversed, on the law and facts, and the petition dismissed, with costs and disbursements payable by petitioners.

In the early part of 1984, respondent-appellant Irene A. McAdams (McAdams), a resident of Michigan, was solicited to open an account by petitioner-respondent Paul Laszlo (Laszlo), a Michigan account executive employed by the Michigan office of petitioner-respondent Painewebber Incorporated (Painewebber), a Delaware corporation, licensed to conduct business in Michigan. Respondent had been disabled since 1969 and lived on a fixed income.

Thereafter litigation ensued which culminated in the parties entering a stipulation dismissing a Federal case before the United States District Court in the Eastern District of Michigan with prejudice and directing the matter to arbitration before the National Association of Securities Dealers (NASD). An order was entered on August 9, 1992 by the District Court to that effect.

McAdams then refiled her Statement of Claim with the NASD, contending that she had incurred substantial losses as a result of petitioners' investment of her retirement fund and life savings in limited partnerships, without appropriate dis-

closure of the risks involved in such investments. She alleged fraud and misrepresentation based upon the Michigan Uniform Securities Act and requested punitive damages under Michigan law. She also sought compensatory damages, as well as attorney's fees.

By letter dated August 21, 1992, the NASD informed petitioners of the claim and enclosed the Statement of Claim, a Submission Agreement, and a copy of the NASD Code of Arbitration Procedure (NASD Code). They were advised that an answer to the Statement of Claim and an executed Submission Agreement must be filed by September 28, 1992. No answer was filed.

Instead, petitioners brought this proceeding, in the Supreme Court in New York County, seeking, pursuant to CPLR 7502 (b) and 7503 (b), a permanent stay of certain portions of the arbitration proceedings which related to investments made prior to January 13, 1986, on the grounds that they were not eligible for submission to arbitration under section 15 of the NASD Code of Arbitration Procedure, and were time-barred on statute of limitations grounds.

In response, McAdams moved, pursuant to CPLR 3211, to dismiss the petition on the basis that the court had neither personal nor subject matter jurisdiction, and that pursuant to CPLR 327, New York was an inconvenient forum.

The IAS Court permanently stayed "arbitration of the investments made prior to January 13, 1986 as barred by the applicable statute of limitations", finding, *inter alia,* that respondent's "filing of the notice of claim with the NASD, a New York based entity, constitutes a purposeful activity in New York to warrant jurisdiction".

CPLR 302 (a) (1) confers jurisdiction over a nondomiciliary provided "the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467).

The IAS Court erred when it found that the mere filing of the Statement of Claim in New York constituted purposeful activity under CPLR 302 (a) (1).

In this case, respondent-appellant is a resident of Michigan, who was solicited by a Michigan account executive in the Michigan office of petitioner-respondent Painewebber. That account executive conducted all of the transactions at issue out of Painewebber's Michigan office. Appellant was directed by the District Court in Michigan to arbitrate her claim with

the NASD. Pursuant to that order, she filed her Statement of Claim with the NASD's office in New York. As part of the initial processing of claims, the NASD, which is headquartered in Washington, D.C., requires every Statement of Claim to be filed with its arbitration office in New York.

The ultimate forum for the arbitration is chosen by the Director of Arbitration, not the claimant (NASD Code § 26) and, indeed, in this case, Michigan has been designated as the arbitration forum. In addition, appellant never requested that her claims be resolved in New York. To the contrary, her Statement of Claim included claims and relief based upon violations of various Michigan laws.

Rather than being "purposeful" activity in New York, the mailing by the appellant of her statement of claim to New York reflected solely a ministerial and incidental step in the processing of her application for arbitration in the appropriate forum in Michigan.

We have previously noted in a similar case: "Respondent never engaged in any business transactions in this State which would subject her to the long arm of our jurisdiction (CPLR 302 [a] [1]), nor did her use of the NYSE correspondence 'facility' in New York (*Kidder, Peabody & Co. v Marvin*, 161 Misc 2d 12, 22) constitute a jurisdictional choice of forum. Rather, she exercised her option to arbitrate in Florida simply by filtering her request through an agency whose designated office for correspondence happened to be located in New York. That act was insufficient to establish a nexus for jurisdiction here, even combined with the choice of New York law." (*Merrill Lynch, Pierce, Fenner & Smith v McLeod*, 208 AD2d 81, 84 [Wallach, J.; decided herewith].)

Likewise, in this case appellant simply "filtered" her request for arbitration through an agency whose designated office for that purpose just happened to be in New York. In fact, appellant in this case did not even agree to arbitrate in accordance with New York law, unlike the respondent in *McLeod (supra)*. A fortiori, the request for arbitration made to a New York office of NASD was insufficient to establish a nexus for jurisdiction in this State. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm for the reasons stated by Justice Harold Tompkins. He merely applied the National Association of Securities Dealers' (NASD) own limitation provision (NASD Code of Arbitration Procedure § 15), which was all that the petitioner

sought, and stated that "the remaining issues can proceed to arbitration in Michigan."