**Ann F. COGSWELL, f/k/a Ann F. Stanton, Plaintiff–Appellee,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; Ben D. Trevor, Defendants–Appellants.**

No. 94–1482.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1996.

Kenneth D. Willis, Denver, Colorado, for Plaintiff–Appellee.

Andrew M. Low (Lisa S. Kahn and Anthony F. Medeiros with him on the briefs) of Davis, Graham & Stubbs, Denver, Colorado, for Defendants–Appellants.

Before BALDOCK, SETH and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Defendants Merrill, Lynch, Pierce, Fenner & Smith, Inc., and Ben D. Trevor (collectively "Merrill Lynch") appeal from an order

granting plaintiff Ann F. Cogswell's application for an order compelling arbitration and denying their motion for a permanent stay of arbitration. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.[1]

## I

Ms. Cogswell opened a Cash Management Account at Merrill Lynch in December 1984. When she did so, Ms. Cogswell signed a preprinted agreement stating she "agree[d] that any controversy arising out of [her] business or this Agreement shall be submitted to arbitration conducted according to the rules and procedures of the New York Stock Exchange, Inc. ("NYSE") or of the National Association of Securities Dealers, Inc. ("NASD") as I may elect" and that the "Agreement shall be ... construed in accordance with the laws of the State of New York."

Ms. Cogswell later purchased interests in three limited partnerships. The last of these three transactions occurred on February 23, 1987. The fair market value of the limited partnerships declined significantly over the next several years. In August 1993, Ms. Cogswell filed an arbitration proceeding against Merrill Lynch and her account executive, Mr. Trevor, before the National Association of Securities Dealers, Inc. ("NASD"). Ms. Cogswell's filing included a "Uniform Submission Agreement" acknowledging the proceeding was to be governed by the "Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration ... of the [NASD]." Ms. Cogswell's primary allegation was the limited partnership interests "were unsuitable in light of [her] financial situation and investment objectives." Specifically, she alleged the limited partnership interests

> were of high risk and would not be liquid for many years into the future. The investments were tax shelters and Trevor knew, or should have known, that [she] did not need tax shelters. Trevor earned substantial commissions by purchasing these investments for [her] account, substantially in excess of the amount he would have

earned if he had purchased suitable securities for her account.

Merrill Lynch then petitioned the New York Supreme Court for New York County for an order permanently staying arbitration. Merrill Lynch contended among other things that the dispute was ineligible for arbitration under § 15 of the NASD Code of Arbitration Procedure, which provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

The court ordered Ms. Cogswell to show cause why Merrill Lynch's petition should not be granted. Merrill Lynch's attorney appeared at the show cause hearing, but Ms. Cogswell and her attorney did not. The court granted Merrill Lynch's petition both because Ms. Cogswell failed to respond to the show cause order and because her action was time-barred under § 15 of the NASD Code.

While Merrill Lynch's action was pending in New York, Ms. Cogswell filed an application for an order compelling arbitration in the United States District Court for the District of Colorado. The district court stayed the proceedings pending the outcome of the New York action. After the New York Supreme Court issued its decision, Merrill Lynch moved for an order permanently staying arbitration, on the grounds the New York decision was res judicata and the district court was required to give it full faith and credit. The district court denied Merrill Lynch's motion for a permanent stay and ordered the parties to proceed with arbitration. It relied on the Eighth Circuit Court's opinion in *FSC Sec. Corp. v. Freel*, 14 F.3d 1310 (8th Cir.1994), for the proposition only arbitrators, and not the courts, have jurisdic-

---

1. We initially directed the parties to show cause why this appeal should not be summarily dismissed for lack of jurisdiction under 10th Cir.R.

27.2.2. We conclude we have jurisdiction. *Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 698–99 (10th Cir.1989).

tion to determine whether § 15 of the NASD Code bars an arbitration claim. Thus, it concluded the New York judgment was void for lack of jurisdiction over the subject matter, and was therefore neither res judicata nor entitled to full faith and credit.[2] This appeal followed.

## II

■ In its opening brief, Merrill Lynch contended the district court erred when it held the New York judgment was void for lack of jurisdiction over the subject matter. In the alternative, Merrill Lynch contended even if the New York judgment was void, the district court had jurisdiction to determine in the first instance whether Ms. Cogswell's claim was time-barred by § 15 of the NASD Code, that it should have concluded it was time-barred, and that it therefore should have denied her application for an order compelling arbitration. Shortly after it filed its opening brief, Merrill Lynch submitted a notice of supplemental authority drawing our attention to three recent New York decisions, *Merrill Lynch & Co. v. Mathes*, 212 A.D.2d 456, 622 N.Y.S.2d 952 (1995), *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McLeod*, 208 A.D.2d 81, 622 N.Y.S.2d 954 (1995), and *Painewebber Inc. v. McAdams*, 212 A.D.2d 464, 623 N.Y.S.2d 198 (1995). Merrill Lynch concedes these decisions make it clear the New York Supreme Court lacked *personal* jurisdiction over Ms. Cogswell and that the

New York judgment was void, albeit for a different reason than that relied on by the district court. Accordingly, Merrill Lynch has abandoned its first contention and asks us to address only its alternative contention: that the district court had jurisdiction to determine whether Ms. Cogswell's claim was barred by § 15 of the NASD Code, that it should have concluded it was barred, and that it therefore should have denied her application for an order compelling arbitration. "Because it is based on contract interpretation, arbitrability is a legal question ... we review de novo." *O'Connor v. R.F. Lafferty & Co.*, 965 F.2d 893, 901 (10th Cir.1992).

■ We have never considered whether the district courts have jurisdiction to determine whether an arbitration claim is barred under the time limit contained in § 15 of the NASD Code. The courts in other jurisdictions are sharply divided. A majority, including the Third, Sixth, Seventh, and Eleventh Circuits, holds courts are to determine whether an action is time-barred under § 15 of the NASD Code.[3] The Seventh Circuit's decisions in *Smith Barney Inc. v. Schell*, 53 F.3d 807 (7th Cir.1995), *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992), and *PaineWebber Inc. v. Farnam*, 870 F.2d 1286 (7th Cir.1989), are typical majority decisions. In these cases, the Seventh Circuit held § 15 of the NASD Code is not a statute of limitations in the ordinary sense, but that

**2.** The district court did not reach Ms. Cogswell's remaining contentions, namely, that the New York decision was void because (1) the court lacked personal jurisdiction over her, (2) Merrill Lynch failed to file its action within the time limit prescribed under N.Y.Civ.Prac.L. & R. § 7503(c), and (3) Merrill Lynch failed properly to cure certain defects relating to service of process.

**3.** See *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1374 (3d Cir.1993); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir.1993); *Schell*, 53 F.3d at 809; *Sorrells*, 957 F.2d at 512; *Farnam*, 870 F.2d at 1292; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381 (11th Cir.1995); *Prudential Securities Inc. v. LaPlant*, 829 F.Supp. 1239, 1244 (D.Kan.1993); *Saunderson v. Gary Goldberg & Co.*, 899 F.Supp. 177, 180 (S.D.N.Y.1995); *PaineWebber, Inc. v. Richardson*, No. 94 Civ. 310 AGS (S.D.N.Y. April 21, 1995), 1995 WL 236722; *Prudential Securities v. Moneymaker*, No. CIV–93–179 (W.D.Okla. July 14,

1994), 1994 WL 637396; *PaineWebber, Inc. v. Allen*, 888 F.Supp. 53, 54 (E.D.Va.1993), aff'd, 45 F.3d 427 (4th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 52, 133 L.Ed.2d 17 (1995); *Citibank, N.A. v. Crowell, Weedon & Co.*, 4 Cal.App.4th 844, 5 Cal.Rptr.2d 906, 909 (1992) (construing identical language in MSRB Arb.Code, rule G–35, § 6); *Cigna Financial Advisors Inc. v. Rosen*, No. C 94 0705235 (Conn.Super.Ct. Jan. 9, 1995), 1995 WL 16809; *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308, *cert. denied*, —— U.S. ——, 116 S.Ct. 59, 133 L.Ed.2d 23 (1995); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ohnuma*, —— A.D.2d ——, 630 N.Y.S.2d 724, 725 (1995); see generally, Emil Bukhman, *Time Limits on Arbitrability of Securities Industry Disputes Under the Arbitration Rules of Self–Regulatory Organizations*, 61 Brook.L.Rev. 143 (1995) (describing the division among the courts and the NASD's response and arguing courts, not arbitrators, should determine whether § 15 applies).

it defines the arbitrator's subject matter jurisdiction. *Farnam*, 870 F.2d at 1292; *Sorrells*, 957 F.2d at 512–13. As such, § 15 is "an absolute bar to claims submitted for arbitration more than six years after the event which gave rise to the dispute." *Farnam*, 870 F.2d at 1292. Because § 15 defines what claims are cognizable in an arbitration proceeding, a district court faced with an application for an order compelling arbitration before the NASD must determine whether § 15 bars the arbitrators from exercising jurisdiction.

The Seventh Circuit reached this conclusion for three basic reasons. First, it relied on language of § 15, which states that "[n]o dispute, claim or controversy shall be *eligible for submission* to arbitration under this Code in any instance where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy." (Emphasis added.) It read the words "eligible for submission" as meaning cognizable or within the jurisdiction of the arbitrator. *Sorrells*, 957 F.2d at 513. Second, the Seventh Circuit held the NASD itself considers § 15 to be a jurisdictional bar. *Farnam*, 870 F.2d at 1292. It cited a letter from John R. Wylie, NASD Staff Attorney, to Walter C. Greenough, dated August 5, 1988, stating "In other words, the NASD will not process a claim that falls wholly outside the six year period." *Id.* Third, the Seventh Circuit rejected the contention NASD Code § 35 required the arbitrators, rather than the courts, to decide whether a claim is time-barred under § 15. *Sorrells*, 957 F.2d at 514 & n. 6. Section 35 provides "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code." According to the Seventh Circuit, § 35 is not a "clear and unmistakable" expression of the parties' intent to give the arbitrators the power to decide whether § 15 bars it from exercising jurisdiction. *Sorrells*, 957 F.2d at 514 & n. 6 (citing *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986)) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator").

A substantial minority, typified by the Fifth and Eighth Circuits, hold only arbitrators, and not courts, can decide the issue.[4] In *FSC Securities Corp. v. Freel*, 14 F.3d 1310, 1312–13 (8th Cir.1994), the Eighth Circuit relied exclusively on § 35 of the NASD Code and held that provision is a "clear and unmistakable" expression of the parties intent to have the arbitrators, rather than the courts, decide whether § 15 applies. In *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 753 (5th Cir.1995), the Fifth Circuit did not consider § 35, but instead concluded the "crucial distinction" was whether § 15 relates to the " 'substantive arbitrability' " of a claim or merely "present[s] issues of 'pro-

---

4. *See Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 754 (5th Cir.1995); *Freel*, 14 F.3d at 1312; *Soares Financial Group, Inc. v. Hansten*, No. C 93–4172 VRW (N.D.Cal. June 16, 1994), 1994 WL 392475; *PaineWebber, Inc. v. Landay*, 903 F.Supp. 193, 196 (D.Mass.1995); *Conroy v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 899 F.Supp. 1471 (W.D.N.C.1995); *Humphrey v. Prudential Ins. Co. of America*, No. 2:92cv178 (E.D.Va.), 1993 WL 275213, *appeal dismissed*, 4 F.3d 313 (4th Cir.1993); *Wylie v. Investment Management & Research, Inc.*, 629 So.2d 898, 900–901 (Fla.App.1993) (en banc); *Nettleton v. Edward D. Jones & Co.*, 904 S.W.2d 409, 411 (Mo.App.1995).

The Second, Fourth, Ninth, and District of Columbia Circuits, have not decided the narrow issue of whether the courts or arbitrators must decide if an action is time-barred under § 15 of the NASD Code, but have held under comparable circumstances that statute of limitation issues are for arbitrators, not courts, to decide. *See Shear-* *son Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991) (holding "emphatically that any limitations defense—whether stemming from the arbitration agreement, arbitration association rule, or state statute—is an issue to addressed by the arbitrators"); *County of Durham v. Richards & Associates, Inc.*, 742 F.2d 811, 815 (4th Cir.1984) ("When a limitations question is raised to defeat a motion to compel arbitration, the question is one for the arbitrator, not the courts."); *O'Neel v. National Ass'n of Securities Dealers, Inc.*, 667 F.2d 804, 807 (9th Cir.1982) (adopting the Second Circuit's position "that the validity of time-barred defenses to enforcement of arbitration agreements should generally be determined by the arbitrator rather than by the court. . . . [and] specifically renounc[ing] the contention that the defense of the statute of limitations goes to jurisdiction of the tribunal, whether it be judicial or arbitration"); *Hanes Corp. v. Millard*, 531 F.2d 585, 598–600 (D.C.Cir.1976).

cedural arbitrability' relating to the procedure of arbitration agreed upon." It held only the arbitrator could determine whether § 15 applies, because under Fifth Circuit precedent timeliness issues are procedural and must be decided by the arbitrator. *Id.* at 754.

Merrill Lynch contends we should adopt the majority position. We agree. In its recent unanimous decision in *First Options of Chicago, Inc. v. Kaplan,* —— U.S. ——, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the Supreme Court spelled out the analysis courts must apply in determining whether arbitrators or courts are to decide whether a matter is subject to arbitration. It explained "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, . . . so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." *Id.,* —— U.S. at ——, 115 S.Ct. at 1923. "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *Id.,* —— U.S. at ——, 115 S.Ct. at 1924. However,

> [c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so. . . . In this manner the law treats silence or ambiguity about the question "who (primarily) should decide arbitrability" differently from the way it treats silence or ambiguity about the question "whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement,—for in respect to this latter question the law reverses the presumption."

*Id.* The arbitrability inquiry is more stringent because

> given the principle that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration, one can understand why courts might hesitate to interpret silence or ambiguity on the "who should decide arbitrability" point as giving the arbitrators that

power, for doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide.

*Id.,* —— U.S. at ——, 115 S.Ct. at 1925.

The parties agree their arbitration agreement incorporates the NASD Code, and that the agreement is to be "construed in accordance with the laws of the State of New York." We therefore apply New York's principles of contract interpretation to determine the meaning of the agreement. *See First Options,* —— U.S. at ——, 115 S.Ct. at 1924 (applying Illinois and Pennsylvania contract law). Under New York law, the "primary objective" of contractual interpretation "is to give effect to the intent of the [contracting] parties as revealed by the language they chose to use. If the language of the contract is 'unambiguous and conveys a definite meaning,' then the interpretation of the contract is a question of law for the court." *Bourne v. Walt Disney Co.,* 68 F.3d 621, 629 (2d Cir.1995) (applying New York law) (citations and internal quotations omitted); *see also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985) (in construing arbitration agreements, courts must ascertain and give effect to the intent of the parties). A contract term is ambiguous if it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Walk–In Med. Ctrs., Inc. v. Breuer Capital Corp.,* 818 F.2d 260, 263 (2d Cir.1987) (applying New York law). If we conclude the agreement is silent, ambiguous, or devoid of "clear and unmistakable" evidence the parties intended the arbitrators to determine the applicability of § 15 of the NASD Code, we must conclude the parties intended for the court to decide whether it applies. *First Options,* —— U.S. at ——, 115 S.Ct. at 1924. Applying these principles, we conclude the Third, Sixth, Seventh and Eleventh Circuits' interpretation of § 15 is correct.

We, like our sister circuits, focus on the first sentence of § 15, which states "[n]o dispute, claim or controversy shall be *eligible for submission* to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy." (Emphasis added.) The Third Circuit has held the first sentence of "§ 15 can reasonably be read in only one way—as a substantive limit on the claims that the parties have contracted to submit to arbitration." *PaineWebber Inc. v. Hofmann,* 984 F.2d 1372, 1379 (3d Cir.1993). It explained the basis for this conclusion in more detail while interpreting identical language contained in NYSE Rule 603 in *PaineWebber Inc. v. Hartmann,* 921 F.2d 507, 513 (3d Cir.1990):

> "Eligible" is defined as "fitted or qualified to be chosen or used" or "worthy to be chosen or selected." *Webster's Third New International Dictionary* 736 (1966). "Submission" is defined as the act of "commi[tting something] for consideration, study, or decision." *Id.* at 2277. Interpolating these definitions into the text of Rule 603, the relevant portion of the rule would state that, after six years, a dispute "shall [not] be worthy to be chosen or selected for [the] consideration, study, or decision [of] arbitration."

The Third Circuit concluded "this expanded reading of Rule 603 unambiguously supports [the] conclusion that the parties intended to bar from arbitration disputes raised more than six years after the events giving rise to them." *Id.*

The NASD, on the other hand, has concluded § 15 is, at the very least, silent on whether courts or arbitrators decide whether an action is time-barred. *See Walk–In Med. Ctrs.,* 818 F.2d at 263 (in deciding whether a contract is ambiguous, we must remain "cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business"). This silence so concerned the NASD that it filed a proposed amendment of § 15 with the Securities and Exchange Commission on July 26, 1994, which would delete portions of § 15, renumber it as § 15(a), and add several additional subsections, including the following:

> (b) After the filing of a statement of claim, counterclaim, cross-claim or third-party claim (hereinafter "claim") pursuant to Section 13 or 25 of the Code, the Director of Arbitration shall determine if the claim is eligible for submission to arbitration by determining if the claim alleges that less than six (6) years have elapsed between the occurrence or event giving rise to the dispute, claim or controversy and filing of the claim. If the claim does not state clearly, that less than six (6) years have elapsed between the occurrence or event giving rise to the dispute, claim or controversy and filing, the Director may ask the claimant to modify the claim, within a time period set by the Director, to so state. The Director will determine the eligibility of the claim for submission to arbitration either on the basis of the claim as stated in the original claim or, if modified, on the basis of the modified claim.

59 Fed.Reg. 39,373, 39,373–74 (1994). The NASD provided a lengthy and detailed summary of the purpose of the proposed amendment, which included the following:

> The NASD is proposing to amend Section 15 to add six new subsections giving the Director the authority to determine whether the claim alleges that less than six (6) years have elapsed between the occurrence or event giving rise to the dispute, claim or controversy and filing of the claim. Under the proposed rule change the Director's eligibility determination will be final and will not be subject to review by the arbitrators under Section 35 of the Code. Further, by placing the authority to make final eligibility determinations, as a matter of the contract to arbitrate, in the hands of the Director, the proposed rule change is intended to foreclose attempts by parties to an arbitration to seek different eligibility rulings from the courts or arbitrators.... The NASD expressly intends that the proposed amendment to Section 15 will constitute the agreement of the parties to have the issue of eligibility decided by the Director of Arbitration.
>
> ....
>
> Because Section 15 does not specify who has the authority to determine if a claim is

eligible for submission to arbitration, the courts have construed that term of the agreement and have routinely held that it is a question of fact relating to the scope of the agreement to arbitrate and that such questions of fact are for the courts to decide. *See, e.g., Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509, 514 (7th Cir. 1992), citing as controlling, *AT & T, supra,* at 649 [106 S.Ct. at 1418–19]. The NASD, however, is expressly intending that under amended Section 15 the Director will make eligibility determinations; the effect of the amendment being that the parties to an agreement to arbitrate before the NASD will have agreed that the Director alone will determine if the claim is eligible for submission to arbitration before the NASD.

In addition, current Section 15, entitled "Time Limitation on Eligibility," is proposed to be retitled "Eligibility" and renumbered Subsection 15(a). The language of current Section 15 (proposed new Subsection 15(a)) is also being amended to eliminate the provision that states that the six year eligibility limitation does not apply to cases directed to arbitration by a court. Therefore, a court order directing the parties to arbitration is not a determination that the matter is eligible for arbitration under the rules of the NASD. These changes are intended to further clarify the distinction between issues related to eligibility, which the forum is entitled to control, and statutes of limitations, which are governed by applicable law.

*Id.* at 39,374–75.[5]

The NASD interpreted the first sentence of § 15 somewhat differently some years earlier. In 1984, the Securities and Exchange Commission approved an amendment adding the words "nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction" to the second sentence of § 15. NASD Code of Arbitration § 15, as amended, effective Oct. 1, 1984; 49

Fed.Reg. 36,040 (1984). The NASD explained "[t]he amendment to the Code's time limitation provision would permit a court which has jurisdiction over a claim to direct that the claim be resolved by arbitration. *Currently, if the claim is six years old or more, the Association and other self-regulatory organizations could not accept the matter for arbitration.*" (Emphasis added.) NASD Notice to Members No. 84–51, 1984 NASD LEXIS 330 (Sept. 28, 1984). (Emphasis added.) From this commentary, it appears, at least in 1984, that the NASD considered § 15 to be a jurisdictional bar preventing it from even accepting a claim absent a court order.

It is immaterial whether we agree with the Third Circuit's or the NASD's interpretation of § 15. Whether the language expressly and unambiguously gives courts and not arbitrators the authority to determine whether § 15 applies, or whether that provision is, at best, merely silent on the issue, *First Options* requires us to conclude the matter is for the courts to decide unless we find "clear and unmistakable" evidence to the contrary. *First Options,* —— U.S. at ——, 115 S.Ct. at 1924. This brings us to the Eighth Circuit's analysis in *Freel,* 14 F.3d at 1312–13. As noted above, the *Freel* court concluded § 35 was "clear and unmistakable" evidence the parties intend for the arbitrator and not the court to determine whether § 15 applies. However, § 35 states merely that "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code." It says nothing specific about whether the arbitrator or the court should decide whether a claim is arbitrable under § 15. Furthermore, it is well established under the generally applicable rules governing contract interpretation that specific provisions, like § 15, take precedence over more general provisions, like § 35. *Mutual Life Ins. Co. v. Hill,* 193 U.S. 551, 558, 24 S.Ct. 538, 540, 48 L.Ed. 788 (1904) ("The ordinary rule in respect to the construction

---

5. The Securities and Exchange Commission has not yet approved the NASD's proposed amendments to § 15. See 15 U.S.C. § 78s(b)(1). Even if the Commission had done so, it would not apply to this case, because "[t]he NASD intends to make the proposed amendments to Section 15

applicable to all claims filed after the effective date of the amendments without regard to when the cause of action accrued or arose, or the timing of the event or occurrence giving rise to the dispute." 59 Fed.Reg. at 39,376.

of contracts is this: that where there are two clauses in any respect conflicting, that which is specifically directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included"); *Corso v. Creighton Univ.*, 731 F.2d 529, 533 (8th Cir.1984) ("It is . . . axiomatic that where general and specific terms in a contract may relate to the same thing, the more specific provision should control"); 3 A. Corbin, *Corbin on Contracts* § 547, at 176 (1960) ("If the apparent inconsistency is between a clause that is general and broadly inclusive in character and one that is more limited and specific in its coverage, the latter should generally be held to operate as a modification and pro tanto nullification of the former"). We therefore respectfully disagree with the Eighth Circuit's conclusion.

■ Ms. Cogswell draws our attention to § 1 of the NASD Code, which provides the Code "is prescribed . . . for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association . . . between or among members or associated persons and public customers, or others." According to Ms. Cogswell, § 1, not § 15, controls whether her claims are arbitrable, and because her claims fall within § 1, the district court was correct to grant her petition and allow the arbitrator to determine whether § 15 applies. We disagree for three reasons. First, § 1 and § 15 deal with entirely different issues: the former determines whether the claim is arbitrable in light of its subject matter, while the latter determines whether the claim is arbitrable in light of when it was filed. Because they address different issues, they do not conflict, and neither trumps the other. Second, even if § 1 and § 15 conflicted, § 15 would control because it is specific rather than general. Finally, and most importantly, § 1, like § 35, is by no means "clear and unmistakable" evidence the parties intended to allow the arbitrators to determine whether § 15 applies. *See First Options*, —— U.S. at ——, 115 S.Ct. at 1924.

Ms. Cogswell also points out if we hold courts must determine whether a claim is time-barred under § 15, district courts will have to determine when a particular claim "arose." She asserts this will often require district courts to hold "mini-trials" to resolve factual disputes, that the district courts will be unable to decide such matters without becoming embroiled in the merits of the claim, and that such elaborate proceedings would undermine the purpose of arbitration, namely, an efficient, inexpensive and fair resolution of the dispute. This may indeed occur in some cases. However, it is irrelevant to the matter before us: the issue is not whether it would be more convenient for courts or arbitrators to decide whether § 15 applies; rather, it is whether the parties' agreement contains "clear and unmistakable" evidence they intended the arbitrator to decide the issue. *Accord, Cohen*, 62 F.3d at 383–85 ("Although our holding may compel federal courts to hold 'mini-trials' on timeliness, which may be followed by full arbitration if the claims are not deemed time-barred, 'concerns for judicial economy alone are not sufficient to justify interference with the binding agreement of the parties'") (quoting *Goldberg v. Bear, Stearns & Co., Inc.*, 912 F.2d 1418, 1422 (11th Cir.1990). Ms. Cogswell simply has not identified any such evidence.

### III

For the reasons stated, we join the Third, Sixth, Seventh, and Eleventh Circuits in holding § 15 of the NASD Code defines the arbitrators' substantive jurisdiction and that the courts, not the arbitrators themselves, must decide whether a claim is time-barred under that provision. The district court's order granting Ms. Cogswell's petition to compel arbitration and denying Merrill Lynch's application for a permanent stay of arbitration must therefore be **REVERSED** and the cause **REMANDED** for further proceeding consistent with this opinion.