706 A.2d 773

MID-STATE SECURITIES CORP., PLAINTIFF–RESPONDENT, v. WILLIAM B. EDWARDS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1998—Decided March 3, 1998.

---

74

Before Judges BAIME, BROCHIN and BRAITHWAITE.

*Robert A. Vort,* argued the cause for appellant.

*Craig S. Hilliard,* argued the cause for respondent (*Stark & Stark,* attorneys; *Mr. Hilliard,* on the brief).

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

This is an appeal from a Chancery Division order enjoining arbitration of a claim by defendant against plaintiff that plaintiff's employee engaged in improper conduct with respect to defendant's securities brokerage account. The parties have agreed to arbitrate such claims pursuant to rules of the National Association of Stock Dealers (NASD). The rules of the NASD require arbitration claims to be submitted within six years from the date of the occurrence which gives rise to the claim. An issue arose as to whether a court or the arbitrator was to decide the issue of arbitrability because more than six years elapsed before defendant filed his claim. The trial judge ruled that a court is to decide the issue and permanently enjoined defendant from arbitrating his claim.

Defendant now appeals and contends:

POINT I

New Jersey case law, decided after judgment was entered in this case, holds that timeliness of a demand for arbitration is an issue to be resolved by the arbitrators.

POINT II

If the Court analyzes the arbitrability issue from the standpoint of federal case law, it must make its own analysis as to which is the better reasoned body of law.

A. Federal law requires a liberal construction in favor of arbitration.

B. In construing the parties' contract, the court should try to divine the parties' intentions on the issue in dispute.

C. Issues of time limitations are presumptively for the arbitrator.

D. The NASD can and should construe its own rules.

*POINT III*

Mid-State is judicially estopped from seeking to have this Court enjoin arbitration.

A. Mid-State's motion to the NASD to dismiss for untimeliness admitted the authority of the NASD to decide the issue and is inconsistent with its position in this Court that the Court must address the issue.

B. Mid-State's motion to dismiss was more than it had to do in order to avoid an award by default against it.

C. Federal case law construing the doctrine of judicial estoppel is consistent with New Jersey case law.

*POINT IV*

Edwards' claim is not barred by Rule 15.

The parties agree that federal law applies. We acknowledge that the federal circuits are evenly divided on the issue of whether a court or the arbitrator is to decide the issue of the timeliness of the arbitration. Five circuits hold that the court determines the issue, and five circuits hold that the arbitrator determines the issue. We choose to follow those courts that hold that it is an issue for the arbitrator and therefore reverse.

The facts necessary to resolve this appeal are not in dispute. On November 4, 1986, defendant William B. Edwards opened a securities brokerage account with plaintiff Mid–State Securities Corp. ("Mid–State"). Robert L. Maggs, Jr., was the broker at Mid–State from whom Edwards purchased the securities. After receiving advice and information about the securities from Maggs, Edwards purchased three securities that are the subject of this dispute. Edwards claims that the information and advice he received was fraudulent, negligent, in violation of NASD and New York Stock Exchange rules, and a breach of contract and fiduciary relationship.

Edwards filed a Uniform Submission Agreement to have his claims against Mid–State arbitrated by the NASD. The Uniform Submission Agreement is a form document to submit claims to arbitration by the NASD. The form only has space for the names of the claimant and respondent and for the signature of the claimant. A separate Statement of Claim is submitted by the claimant setting forth the factual basis of the claim. The relevant provisions on the form are:

1. The undersigned parties hereby submit to the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counter-claims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. .... The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By–Laws, Rules, Regulations, and/or NASD Code of Arbitration Procedure of the sponsoring organization.

## I

At oral argument, both parties conceded that federal law applies. We agree, and therefore affirm the trial judge's reliance on federal law. We disagree, however, that we are bound by decisions of the Third Circuit because New Jersey is located in that circuit. A state court is not bound by the decisions of lower federal courts. *Dewey v. R.J. Reynolds Tobacco Co.*, 121 *N.J.* 69, 79–80, 577 *A.2d* 1239 (1990).

## II

Defendant argues that because federal law favors arbitration, arbitrators should determine whether his claim is time barred. Plaintiff asserts that federal law requires courts to determine the scope of arbitration, including whether a claim submitted for arbitration by the NASD is non-arbitrable because it is outside the six-year limit of the NASD rules. The rule in question provides as follows:

No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This Rule shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

[NASD Code rule 10304 (former § 15).]

Federal law is not settled on the question of whether a court or an arbitrator decides whether a claim submitted to the NASD for arbitration is barred by NASD Code rule 10304 (former § 15). The United States Supreme Court has not yet decided the issue and the circuit courts are split evenly. Circuits holding that a court decides are: *Cogswell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 78 *F.*3d 474, 478–81 (10th Cir.1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 *F.*3d 381, 383–84 (11th Cir.1995); *PaineWebber Inc. v. Hofmann,* 984 *F.*2d 1372, 1378 (3d Cir.1993);[1] *Roney & Co. v. Kassab,* 981 *F.*2d 894, 898–900 (6th Cir.1992); *Edward D. Jones & Co. v. Sorrells,* 957 *F.*2d 509, 512–13 (7th Cir.1992). Circuits holding that arbitrators decide are: *PaineWebber v. Elahi,* 87 *F.*3d 589 (1st Cir.1996); *PaineWebber Inc. v. Bybyk,* 81 *F.*3d 1193 (2d Cir.1996); *Smith Barney Shearson, Inc. v. Boone,* 47 *F.*3d 750 (5th Cir.1995); *FSC Secs. Corp. v. Freel,* 14 *F.*3d 1310 (8th Cir.1994); *O'Neel v. National Ass'n of Secs. Dealers, Inc.,* 667 *F.*2d 804 (9th Cir.1982).

We find particularly persuasive on this issue the first circuit decision in *Elahi, supra.* There, where the issue of arbitrability was unclear, the court created a presumption. The court held that where "(1) [the parties] have entered into a valid arbitration agreement ..., and (2) the arbitration agreement covers the subject matter of the underlying dispute between them ...," it would presume that the parties intended that "the other issues relating to the substance of the dispute or the procedures of arbitration are for the arbitrator" to decide. *Id.* at 599.

---

[1] This case actually determines the question of who decides the effect of the New York Stock Exchange rule that has the identical language of the NASD Code rule 10304 (former § 15).

■ Here, the Uniform Submission Agreement provides that the parties are submitting to arbitration "the present matter in controversy" and that the parties agree "that the arbitration will be conducted in accordance with the Constitution, By–Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the [NASD]." The agreement could reasonably be read to mean either that the arbitrators would determine the time-bar issue under the NASD Code or that the arbitrators determine only the underlying matter of the arbitration. Thus, the agreement does not clearly state the parties' intention with regard to whether the NASD's time-bar is to be decided by the court or the arbitrator.

■ Where, as here, an agreement is ambiguous as to whether the parties intended for an issue to be arbitrated, "federal arbitration law must provide default rules and presumptions." *Elahi, supra,* 87 *F.*3d at 594. There is a broad presumption of arbitrability requiring that "any doubts concerning the scope of arbitrable issues ... be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 *U.S.* 1, 24–25, 103 *S.Ct.* 927, 941, 74 *L.Ed.*2d 765, 785 (1983).

Thus, applying the presumption here, the time-bar issue should be decided by the arbitrator. Moreover,

once it is decided that the subject of a particular dispute is within the scope of an agreement to arbitrate, any question as to whether a party has satisfied the procedural preconditions of arbitration, such as the timeliness of a demand for arbitration, ... generally should be decided by arbitrators rather than a court.

[*Commerce Bank, N.A. v. DiMaria Constr., Inc.,* 300 *N.J.Super.* 9, 14, 692 *A.*2d 54 (App.Div.), *certif. denied,* 151 *N.J.* 73, 697 *A.*2d 546, *cert. denied,* —— *U.S.* ——, 118 *S.Ct.* 1053, 140 *L.Ed.*2d 116 (1998).]

Further, NASD Code Rule 10324 provides that the arbitrator "shall be empowered to interpret and determine the applicability of all provision under this code...." We therefore conclude that the trial judge erred in enjoining defendant from arbitration.

### III

██  We find no merit to defendant's assertion that plaintiff is judicially estopped from seeking relief in the court to enjoin the arbitration. *R.* 2:11–3(e)(1)(E). Plaintiff did not assert a different position from a prior proceeding. *See Cummings v. Bahr,* 295 *N.J.Super.* 374, 386–87, 685 *A.*2d 60 (App.Div.1996).

Reversed.