**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SMITH BARNEY INC.; KERRY
GALE,

        Plaintiffs-Appellees,

v.

THOMAS J. HARRIDGE,

        Defendant-Appellant.

No. 99-6086
(D.C. No. CIV-96-1771-L)
(W.D. Okla.)

ORDER AND JUDGMENT   *

Before **ANDERSON** , **BARRETT** , and **BRISCOE,**  Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Thomas J. Harridge appeals the district court's order granting the motion of plaintiffs Smith Barney Inc. and Kerry Gale (Smith Barney) to enjoin the arbitration of Harridge's claims filed with the National Association of Securities Dealers (NASD). After conducting an evidentiary hearing, the district court held that the parties had agreed to arbitrate all of Harridge's claims, but that under § 15 of the NASD Code of Arbitration Procedure, Harridge's claims were barred as untimely because the claims arose more than six years prior to the filing of his NASD arbitration request. We review the district court's factual findings for clear error and review all legal issues de novo. *See Cogswell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 78 F.3d 474, 476 (10th Cir. 1996), *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1491 (10th Cir. 1994). We affirm in part, reverse in part, and remand for further proceedings.

## I. Background

Harridge, who has a high school education, retired as an oil field worker with Phillips Petroleum Company in 1986 at the age of 60. According to Harridge, plaintiff Kerry Gale, an agent and employee of Smith Barney, visited him at home prior to his retirement and recommended that he receive his retirement benefits in the form of a lump sum distribution, rather than an annuity, and that he invest this lump sum with Gale. Harridge agreed to the lump sum distribution and signed a customer agreement investing this sum and his entire life

-2-

savings in an account managed by Gale. Harridge claims that he was completely inexperienced with respect to investment decisions and relied on Gale's expertise in electing the lump sum distribution and in investing his savings, a total of $205,000.

Gale initially invested Harridge's retirement funds in various government securities and $50,000 of HCW Pension Real Estate Fund, a real estate limited partnership interest. In 1987, Gale began liquidating Harridge's investments in government securities in favor of limited partnership interests. He invested Harridge's assets in $57,000 of Krup Insured Plus II, L.P. in July 1987, $60,000 in American Income Partners III-C in December 1987, and $4,500 in North Star Income Fund in February 1989, all limited partnership interests. Harridge learned these limited partnerships investments were nearly worthless in October 1995, when he received offers to purchase these interests for a nominal sum.

On August 23, 1996, Harridge filed a claim with the NASD seeking arbitration of his claim that Smith Barney mismanaged his account. The relevant customer agreement provides in part that:

> Any controversy arising out of or relating to any of my accounts, to transactions with you, your officers, directors, agents, and/or employees for me, or to this agreement, or the breach thereof, or relating to transactions or accounts maintained by me with any of your predecessor firms . . . shall be settled by arbitration, in accordance with the rules then in effect of the NASD. . . .

Appellant's App. at 11.

Smith Barney filed a complaint in federal district court seeking a declaratory judgment and a permanent stay of the NASD arbitration, asserting that Harridge's claims arose more than six years after the date the limited partnership interests were purchased and, therefore, the claims were not eligible for submission to arbitration under § 15 of the NASD Code of Arbitration Procedure. [1] *See PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (federal court shall stay arbitration where claim falls outside six-year limitations period under rule identical to § 15). Section 15 provides that "[n]o dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy."

Harridge then filed counterclaims against Smith Barney for breach of contract, interference with contractual relations, breach of fiduciary duty, misrepresentation, fraud, intentional infliction of emotional distress, negligence, and unsuitability. Harridge claims that the purchase dates of the limited partnership interests are not the sole relevant occurrence giving rise to his NASD arbitration claims. He received monthly account statements from Smith Barney,

---

[1]    The NASD Code was renumbered in 1996, and § 15 was renumbered § 10304. For purposes of consistency, we will refer to the section at issue as § 15.

which he claims misrepresented and concealed the true value of his investments. Specifically, Harridge claims that Smith Barney's monthly statements were misleading because a reasonable person would think that the "total value" given on each statement for his investments represented the current fair market value. He argued that each of these allegedly misleading monthly statements constituted separate occurrences giving rise to his claims. Harridge also sought leave to file amended counterclaims.

Smith Barney moved to dismiss Harridge's counterclaims for failure to state a claim. Smith Barney first argued that all of Harridge's counterclaims relate to his stock account and, therefore, are subject to arbitration in accordance with the customer agreement. Smith Barney also denied that the monthly account statements misrepresented the value of Harridge's investments because each statement informed Harridge that no current valuation was being given for any limited partnership investments. Therefore, Smith Barney contends, the monthly account statements could not be a triggering occurrence or event for Harridge's arbitration claims.

After conducting an evidentiary hearing, the district court granted Smith Barney's motion to dismiss the counterclaims, denied Harridge's request to file amended counterclaims, and dismissed the action. The district court first determined that all of Harridge's counterclaims were subject to NASD arbitration

under the terms of the customer agreement.  It then determined that the monthly account statements could not be a triggering occurrence or event on which Harridge's arbitration claims were based because no reasonable person would find them misleading.  Because Harridge failed to provide evidence of any wrongful conduct by Smith Barney that occurred within six years of the filing of his NASD arbitration claim which could form the basis of a viable claim, the district court determined that Harridge's claims were ineligible for arbitration under § 15.  The district court subsequently denied Harridge's motion for reconsideration under Fed. R. Civ. P. 59(e).

## II.  Analysis

### A.

In *Cogswell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 78 F.3d 474 (10th Cir. 1996), we ruled that § 15 is a substantive eligibility requirement for arbitration and that the court, not the arbitrator, decides whether claims are timely under that section of the NASD Code.  *See id.* at 480.  Harridge first contends on appeal that the district court exceeded its authority under *Cogswell* when it reached the merits of his claim and held that the monthly account statements were not misleading.  Harridge also contends that he presented prima facie evidence that the account statements were misleading and, therefore, the district court erred when it ruled no reasonable person would have been misled.  We agree with

Harridge that he arguably states a viable cause of action and that his allegations that the account statements are misleading should be submitted to arbitration.

1.

In order to determine whether claims are within the six-year time limitation provided by § 15 of the Code, the court must "examine each of the . . . claims in order to determine what is the 'occurrence or event' giving rise to that claim." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381, 385 (11th Cir. 1995). We noted in *Cogswell* that district courts may be required "to hold 'mini-trials' to resolve factual disputes" in order to determine when a particular claim arose. 78 F.3d at 481. We acknowledged that the district courts might be "unable to decide such matters without becoming embroiled in the merits of the claim." *Id*. Where, as here, the court must decide the arbitrability of a claim, it must make its determination "just as it would decide any other question that the parties did not submit to arbitration, namely, independently." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

Here, the district court could not determine whether Harridge's claims were time-barred under § 15 without first determining whether Harridge had presented any evidence of wrongful conduct which could form the basis of a viable claim that arose within six years of the filing of his arbitration claim. *See Cogswell*, 78 F.3d at 481. Thus, we conclude that the district court acted properly under

*Cogswell* in reviewing the merits of Harridge's claim in order to determine whether he had stated a viable claim that the monthly account statements were misleading.

2.

We disagree, however, with the district court's determination that Harridge failed to state a viable claim that the monthly statements were misleading. Smith Barney contends that the account statements informed Harridge that no current market valuation was being given for the limited partnership interests and that any given valuations of these securities only represented the original purchase price. We cannot say that a reasonable person would have understood this explanation. For example, the September 1994 account statement lists an amount of $165,549.48 as the "Fair market value" of Harridge's stock account and the September 1996 account statement gives an amount of $153,947.92 as the "Fair market value" of Harridge's account. *See* Appellant's App. at 44, 49. A reasonable person might well have understood this to mean that these amounts included a current fair market valuation of the limited partnership interests. Indeed, these amounts must have included some valuation for the limited partnership interests because Harridge's other investments were only valued at approximately $41,000. The account statements state that this amount does not include "unpriced" securities, but we do not believe that a reasonable investor

would necessarily have understood this language to mean that the amount listed as the "Fair market value" did not include a current market valuation of the limited partnership interests, particularly given the large amount of the valuation. Similarly, these account statements list the total portfolio value as $197,726.71 in September 1994 and as $196,786.67 in September 1996. *See id*. at 46, 52. Again, a reasonable investor might not have understood that this amount, listed as "Total portfolio value," was actually only the original purchase price of the investments.

Harridge at least arguably states a viable claim that Smith Barney's account statements were misleading and reported false values for his limited partnership investments. "[I]if a claim clearly or arguably states a genuine, independent cause of action (that arises from an occurrence or event within six years of the arbitration demand), it should be submitted to arbitration to allow the arbitrators to determine the merits of the claim; *i.e*., whether it states a cause of action on which relief may be granted." *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1382 (3d Cir. 1993). Accordingly, we conclude the district court should have submitted to arbitration all of Harridge's claims based on his assertion that the monthly account statements received within six years of his arbitration filing contained false or misleading information.

3.

Harridge also contends that the district court ignored his claim that Smith Barney breached its fiduciary duty to him by not affirmatively informing him of the current market value of his limited partnership interests. Harridge fails to cite where in the record he raised this issue below, *see* 10th Cir. R. 28.2(C)(2). Although this claim is listed as one of Harridge's counterclaims, our independent review of the limited record on appeal does not reveal whether he ever argued this issue before the district court. Therefore, we will not address this issue. *See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan*, 11 F.3d 1567, 1571 (10th Cir. 1993) (issues raised, but not argued to the district court, "ordinarily will not be considered on appeal") (citation omitted).

### B.

Alternatively, Harridge contends that the arbitration agreement should not be enforced because it is a standardized, boilerplate arbitration agreement drafted by Smith Barney and it failed to explain to him that there was a six-year time limitation on bringing arbitration claims. We held in *Adams v. Merrill Lynch Pierce, Fenner & Smith*, 888 F.2d 696, 700 (10th Cir. 1989) that brokerage arbitration agreements are not adhesion contracts, are not inherently unconscionable, and that the mere fact that arbitration contract language is "boilerplate" does not render it without effect. The arbitration agreement at issue here clearly informed Harridge that any arbitration would be settled in accordance

-10-

with the NASD rules. *See* Appellant's App. at 11. Thus, Harridge was on notice that all of the NASD arbitration rules, including the six-year time limitation found in § 15, would govern his claims. We agree with the district court that the arbitration agreement is not unconscionable or otherwise unfair and is, therefore, valid and enforceable. *See Adams*, 888 F.2d at 700.

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART, and this matter is REMANDED to the district court for further proceedings consistent with this opinion.

Entered for the Court

Mary Beck Briscoe
Circuit Judge