**FSC SECURITIES CORPORATION; Marlis Gilbert; Integrated Financial Services; and Richard E. Connolly, Jr., Plaintiffs–Appellants,**

v.

**Judy FREEL; Mirle Freel, Jr., Defendants–Appellees.**

No. 93–1612.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1993.

Decided Jan. 28, 1994.

---

Richard A. Malm, Des Moines, IA, argued, for plaintiffs-appellants.

Linda J. Garfola, Helena, MT, argued, for defendants-appellees.

Before BEAM and LAY, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

This is an appeal of a district court order confirming a National Association of Securities Dealers, Inc. (NASD) arbitration award in favor of appellees Judy and Mirle Freel. Based on our conclusion that the parties agreed to leave the issue of arbitrability of their dispute to the NASD arbitration panel, we affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1984 the Freels sought investment advice from Marlis Gilbert, a financial planner and securities broker. Gilbert was affiliated with Integrated Financial Services (IFS) and Richard Connolly, Jr., and she was also a registered representative of FSC Securities Corp. (FSC), a registered broker-dealer and member of the NASD. As a result of Gilbert's advice, the Freels made some investments which they claim caused them significant losses.

Because FSC is a member of the NASD, it and its associates (including Gilbert, IFS, and Connolly) are required by that organization to submit eligible disputes with customers to arbitration. In May 1991, the Freels submitted an arbitration claim, asserting that Gilbert's advice had caused them to suffer financial losses. The Freels also named Connolly, IFS and FSC as respondents, seeking to have them held vicariously liable. All parties executed uniform submission agreements, in which they acknowledged that the NASD Code of Arbitration Procedure would govern the proceedings.

Prior to the appointment of an arbitration panel, Gilbert, Connolly, IFS and FSC (hereinafter "appellants") moved to dismiss the Freels' claims, asserting that they were barred by Section 15 of the NASD Code of Arbitration Procedure. Section 15 reads as follows:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy.

The essence of appellants' motion was that, because most of the investments in question were originally made more than six years before the Freels requested arbitration, those claims were time-barred by Section 15. The motion to dismiss was administratively denied by the Director of Arbitration. Appellants renewed the motion after an arbitration panel was appointed, and it was again denied. Appellants again renewed the motion at the beginning of the hearing before the panel, and it was argued by both sides. After a short recess, the panel again denied the motion and went on to hear the merits of the Freels' claims.

In late 1992 the arbitration panel rendered an award in favor of the Freels. Appellants then filed the present action in the district court, seeking to have the award vacated. Appellees filed a cross-motion, asking the district court to confirm the award. On January 15, 1993, the court denied appellants' motion to vacate and granted appellees' motion to affirm the arbitration award. Appellants filed a timely notice of appeal to this Court.

## DISCUSSION

■ On appeal appellants argue that the district court erred in confirming the arbitration award, because the arbitrators exceeded their powers by deciding claims which—by virtue of NASD Code Section 15—were not eligible for submission to them. They assert that the district court should have invoked its authority under 9 U.S.C. § 10(a)(4)[1] to vacate the award. We review the district court's decision regarding the validity and

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. Section 10(a)(4) gives district courts authority to vacate any arbitration award in which the

arbitrators "exceeded their powers." For a discussion of judicial review of arbitration awards, see *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743 (8th Cir.1986).

scope of arbitration clauses de novo. *Storey v. Shearson Lehman Hutton, Inc.*, 949 F.2d 1039, 1040 (8th Cir.1991).

■ The issue on appeal, as framed by appellants, is whether Section 15 deprived the NASD arbitrators of jurisdiction to render an award to the Freels on transactions that occurred over six years prior to submission to arbitration. In support of their argument, they cite opinions from three different circuits which have held, in essence, that Section 15 is a jurisdictional limitation on what disputes the NASD arbitrators may hear. *See, e.g. Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993); *Paine-Webber, Inc. v. Hofmann*, 984 F.2d 1372 (3rd Cir.1993); *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992). All three of these cases stand for the proposition that NASD Section 15 is not merely a procedural "statute of limitation," which would be left to the arbitrators' interpretive discretion—but rather a substantive limitation on what disputes are "eligible for submission" to the arbitrators in the first instance.[2]

■ The district court said that if it were to follow *Sorrells* and its progeny the arbitration award would have to be vacated. However, it declined to do so, based largely on its conclusion that this Court would read the time limitation as procedural rather than substantive. *Automotive, Petroleum & Allied Industries Employees Union, Local No. 618 v. Town & Country Ford, Inc.*, 709 F.2d 509 (8th Cir.1983). The court then concluded that, under Section 1 of the NASD Code, this dispute was a "matter eligible for submission." Thus it declined to give Section 15 the substantive scope urged by appellants, holding instead that it was a procedural limitation to be applied and interpreted at the arbitrators' discretion.

In a footnote the district court recognized, as an alternative ground for its deference to the arbitrators' holding, that NASD Code Section 35 empowers the arbitrators to exercise discretion in interpreting Section 15. Section 35 provides:

> The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code which interpretation shall be final and binding upon the parties.

In *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986), the Supreme Court reaffirmed that the question of arbitrability is usually an issue to be decided by the courts, "*[u]nless the parties clearly and unmistakably provide otherwise* [.]" *Id.* (emphasis supplied). The district court noted, and thus implicitly held, that Section 35's rule of deference to the arbitrators' interpretation of the NASD Code applies to Section 15, as it would to any other section of that Code.

Of the above-referenced cases addressing the substantive/procedural dichotomy with regard to Section 15, only *Sorrells* addressed section 35. The court said it did not "believe that this is a clear and unmistakable expression of the parties' intent to have arbitrators, and not the court, determine which disputes the parties have agreed to submit to arbitration." *Id.*, 957 F.2d at 514 n. 6. We disagree.

As noted above, the parties expressly agreed to have their dispute governed by the NASD Code of Arbitration Procedure. This means they adopted the entire NASD Code, including Section 35. Unlike the Seventh Circuit, we hold that the parties' adoption of this provision *is* a "clear and unmistakable"

---

**2.** It is well settled that procedural questions, such as the effect of statutes of limitation, are left to arbitrators once it has been established that the subject matter of the dispute is subject to arbitration. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *Automotive, Petroleum & Allied Industries Employees Union, Local No. 618 v. Town & Country Ford, Inc.*, 709 F.2d 509, 511 (8th Cir.1983). However, the three opinions regarding Section 15 cited above agree that its use of the phrase "eligible for submission" make it a

substantive limitation on the arbitrators' jurisdiction, rather than a procedural matter to be interpreted at their discretion. Although we decline to address the Rule 15 issue head-on, we note that some courts have said it is procedural, thus within the arbitrators' discretion. *See, e.g. Miller v. Prudential Bache Securities, Inc.*, 884 F.2d 128 (4th Cir.1989), *cert. denied*, 497 U.S. 1004, 110 S.Ct. 3240, 111 L.Ed.2d 751 (1990); *Gains v. Financial Planning Consultants, Inc.*, 857 S.W.2d 430 (Mo.App.1993).

expression of their intent to leave the question of arbitrability to the arbitrators. In no uncertain terms, section 35 commits interpretation of all provisions of the NASD Code to the arbitrators. Reading the NASD Code—effectively an agreement between the parties—as a whole, we see no reason not to apply section 35 to the arbitrators' decision regarding the application of section 15.

If the parties to an arbitration agreement wish to give arbitrators less discretion than that accorded by section 35, they are free to do so. However, in the context of the present case—looking at the NASD Code as a whole—we will not render section 35 a nullity by refusing to apply it to the arbitrators' decision regarding section 15.

## CONCLUSION

We hold that by adopting the NASD Code of Arbitration Procedure as the rules governing their dispute, appellants agreed to give the arbitrators discretion via section 35 of that Code to interpret section 15's time limitation. The arbitration panel's interpretation of section 15 is thus entitled to substantial deference. Given this deference, we find under the circumstances that the panel did not exceed its powers or act in manifest disregard of the law. Therefore, the district court's order confirming the arbitration award is affirmed.