Alarik J. BAKK, Individually, and Willanetta H. Bakk, Individually, Plaintiffs,

v.

PRINCIPAL FINANCIAL SECURITIES, INC., a Corporation, and John W. Ezell, Individually, Defendants.

Civ. No. 5–94–129.

United States District Court, D. Minnesota, Fifth Division.

June 28, 1995.

Vincent D. Louwagie, Karlyn Vegoe Boraas, Fruth & Anthony, Minneapolis, MN, for plaintiffs.

Wendy A. Snyder, Kelly & Berens, Minneapolis, MN, Steven T. Baron, Bill Sims, Vinson & Elkins, Dallas, TX, for defendant Principal Financial Securities Inc.

John W. Ezell, Arlington, TX, pro se.

## ORDER

DOTY, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

1. That plaintiffs' motion to compel [Docket No. 13] shall be, and hereby is, denied.

2. That defendants' motion for summary judgment [Docket Nos. 3, 7 and 12] shall be, and hereby are, granted.

## REPORT AND RECOMMENDATION

June 9, 1995

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Plaintiffs' Motion to Compel Arbitration, and upon the Defendants' Motion to Dismiss.

A Hearing on the Motions was conducted on January 12, 1995, at which time the Plaintiffs appeared by Vincent D. Louwagie, Esq., the Defendant Principal Financial Securities, Inc. ("Principal"), appeared by Wendy A. Snyder, Esq., while no personal appearance was made by the Defendant John W. Ezell ("Ezell"), who joined in the arguments of Principal.

For reasons which follow, we recommend that the Plaintiffs' Motion to Compel be denied, and that the Defendants' Motion to Dismiss be granted.

### II. *Factual and Procedural Background*

This action was initially commenced in the Minnesota District Court for the Sixth Judicial District in order to obtain the appointment of an arbitrator pursuant to Minnesota Statutes Section 572.10, Subdivision 1. By Notice of Removal filed on October 4, 1994, the action was removed to this Court as a result of the diversity in the citizenship of the parties. *Title 28 U.S.C. §§ 1332, 1441 and 1446.* Thereafter, on October 14, 1994, the Defendants filed their Motion to Dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, alleging that the Plaintiffs have failed to assert a claim upon which relief can be granted. The operative facts are not seriously in dispute, at least insofar as they relate to the pending Motions, and may be briefly summarized.

Commencing in 1986, the Plaintiffs engaged Ezell to manage certain of their investment funds. In 1987, Ezell commenced employment with a predecessor in interest to Principal and, on June 26, 1987, the Plaintiffs' funds were transferred to the accounts

of Ezell's new employer. According to the Plaintiffs, over the ensuing years to February 2, 1989, their investment portfolio declined from an initial balance of $101,907.00 to $39,846.00, even though an additional sum of $15,660.18 had been invested in their account by the Plaintiffs. The Plaintiffs contend that their losses were caused by the Defendants' wrongdoing, including their negligence, breach of fiduciary duties, intentional and negligent infliction of emotional distress, among other claims.

In executing a Customer Agreement with the Defendants, the Plaintiffs accepted the following proviso:

> The undersigned agrees, and by carrying an account for the undersigned you agree, that except as inconsistent with the foregoing sentence, all controversies which may arise between us concerning any transactions or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.

Following notice of the losses that they sustained in their accounts with the Defendants, the Plaintiffs began to close those accounts in 1989, and they attempted to negotiate a resolution of their grievances with the Defendants.

Finding no success in their attempts to amicably resolve their differences with the Defendants, the Plaintiffs retained legal counsel and they formally submitted their dispute with the Defendants to arbitration, through the filing of a Uniform Submission Agreement, with the National Association of Security Dealers ("NASD") on October 6, 1993. The Uniform Submission Agreement, which the Plaintiffs' executed on September 23, 1993, contained the following provisions:

> (1) The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims, and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

> (2) The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

> (3) * * * The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

All parties agree that the Statement of Claim that the Plaintiffs filed with the NASD included the entirety of their dispute with the Defendants.

Among its other provisions, the NASD Code of Arbitration, in Section 15, states as follows:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Pursuant to this Section, the Defendants moved the NASD for a dismissal of all of the claims of the Plaintiffs which predated October 6, 1987—that is, six years before the filing of the Plaintiffs' arbitration request on October 6, 1993. In response to the Defendants' Motion, the NASD Director of Arbitration ruled as follows:

> With respect to any of the purchases made outside of the six year period, there are allegations of wrongdoing including fraudulent concealment and misrepresentation set forth in the Statement of Claim and in the Claimant's response to the motion, falling within the six year period. Therefore, claims regarding the purchases made prior to October 6, 1987 will be permitted to go to the Panel but only as to the allegations of wrongdoing made after October 6, 1987. All allegations of wrongdoing prior to the date relating to these purchases, are ineligible for NASD Arbitration.

> The parties are free to re-raise the above issues with the Panel.

Following this ruling, the Plaintiffs commenced their action in the Minnesota District Court seeking the appointment of an arbitrator to consider any of the Plaintiffs' claims which predated October 6, 1987. In addition, the parties engaged in two days of Hearings, before the NASD Arbitration Panel, on October 18 and 19, 1994, at which time the "Plaintiffs claimed they were entitled to recover damages based on transactions that occurred before October 6, 1987, because causes of action related to those alleged acts accrued after October 6, 1987." *Supplemental Affidavit of Steven T. Baron,* at pp. 1–2.

After the filing of the Defendants' Motion to Dismiss, the Plaintiffs moved to compel arbitration[1] and, the issues having been referred to us by the District Court, the Honorable David S. Doty presiding, we have considered their merits jointly.

### III. *Discussion*

Arguing that the Plaintiffs are not entitled to a second bite out of the arbitration apple, the Defendants urge us to adopt the reasoning and holding of those Courts which have considered and rejected the same or a very similar attempt at bifurcating arbitration and judicial proceedings. See, *Calabria v. Merrill Lynch, Pierce, Fenner & Smith,* 855 F.Supp. 172 (N.D.Tex.1994); *Dean Witter Reynolds, Inc. v. McCoy,* 853 F.Supp. 1023 (E.D.Tenn.1994); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shelapinsky,* 1994 WL 397123 (W.D.Pa.1994); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Gregg,* 1993 WL 616691 (M.D.Fla.1993); *Piccolo v. Faragalli,* 1993 WL 331933 (E.D.Pa.1993); *Castellano v. Prudential–Bache Securities, Inc.,* 1990 WL 87575 (S.D.N.Y.1990). We find these authorities to be persuasive.

Here, the Plaintiffs elected to proceed with arbitration before the NASD after they had expressly represented that they would be bound by the pertinent regulations of that organization, which they confirmed that they had read. As a result, there can be no serious contention that the Plaintiffs were surprised by the existence of Section 15, unless their sworn averments on the Uniform Submission Agreement were falsely made. Having elected to abide by the rules and regulations of the NASD, we find no just cause for permitting the Plaintiffs to circumvent those regulatory provisions merely be-

---

1. In moving to dismiss, the Defendants seek to take advantage of the closing sentence of Rule 12(b), Federal Rules of Civil Procedure, by submitting materials outside of the pleadings, and the Plaintiffs have reciprocated in kind. Since we have reviewed and relied upon the parties' documentary submissions, we treat the Defendants' Motion to Dismiss as a Motion for Summary Judgment, and we briefly outline the standard of review that we have employed.

As appropriate, we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the non-moving party, and we have found no triable issue, and the Plaintiff has not identified any genuine issue of material fact which would preclude the entry of Summary Judgment. *Johnson v. Minnesota Historical Society,* 931 F.2d 1239, 1245 (8th Cir.1991); *Agri-Stor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a verdict for the non-moving party. See, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992).

As Rule 56(e), Federal Rules of Civil Procedure, makes clear, once the moving party files a properly supported *Motion,* the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Rule 56(e), Federal Rules of Civil Procedure; Rath v. Selection Research, Inc.,* 978 F.2d 1087, 1091 (8th Cir.1992); *Commercial Union Ins. Co. v. Schmidt,* 967 F.2d 270, 271 (8th Cir.1992).

Moreover, a defendant is entitled to Summary Judgment where a plaintiff has failed "to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *St. Paul Fire & Marine Ins. Co. v. Federal Deposit Ins. Corp.,* 968 F.2d 695, 699 (8th Cir. 1992). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of [the Plaintiff's] case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552; *Fischer v. NWA, Inc.,* 883 F.2d 594, 599 (8th Cir.1989), cert. denied, 495 U.S. 947, 110 S.Ct. 2205, 109 L.Ed.2d 531 (1990).

cause the rules may not promote their interests. The request by the Plaintiffs, to avoid the eligibility requirements of the NASD, are no more legitimate than a request that an arbitration proceeding be discontinued, in mid-stream, because a participant might regard the demeanor of the arbitrator to be contrary to that participant's claim. In short, the Plaintiffs are entitled to an arbitration but not to an arbitration result that necessarily comports with their theory of recovery.

The result we reach is also consistent with the prevailing authority in our Circuit. Although not cited by either party, we find the Court's analysis in *FCS Securities Corp. v. Freel*, 14 F.3d 1310 (8th Cir.1994), to be instructive. There, a securities broker had moved an arbitration panel to dismiss certain of the investor's claims as untimely under Section 15 of the NASD Code of Arbitration. The Panel denied the Motion and, ultimately, awarded damages which, inferentially, included a recovery on claims that may have predated the six year limitation contained in Section 15. The Panel's award was appealed by the securities broker to the District Court, which affirmed the award as having been within the jurisdiction of the Panel. Although the District Court had concluded that Section 15 was not jurisdictional in nature, but was a procedural statute of limitations, the Court of Appeals reserved judgment on that issue. See, *FCS Securities Corp. v. Freel*, 811 F.Supp. 439, 444 (D.Minn. 1993), aff'd, 14 F.3d 1310, 1312 n. 2 (8th Cir.1994). Instead, the Court relied upon the District Court's holding that Section 35 of the NASD Code of Arbitration invoked a deferential standard of review on the arbitration panel's arbitrability determinations.

■ As the Court of Appeals related, Section 35 provides as follows:

The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code which interpretation will be final and binding upon the parties.

The Court noted that, in agreeing to have their dispute resolved according to the NASD Code provisions—including Section 35—the parties' adoption was a " 'clear and unmistakable' expression of their intent to leave the question of arbitrability to the arbitrators." *FSC Securities Corp. v. Freel*, supra at 1312–13. The Court went on to note:

If the parties to an arbitration agreement wish to give arbitrators less discretion than that accorded by section 35, they are free to do so. However, in the context of the present case—looking at the NASD Code as a whole—we will not render section 35 a nullity by refusing to apply it to the arbitrators' decision regarding section 15.

*Id.* at 1313.

We think that the very same may be said here. Although the Plaintiffs are fearful that the determination of the NASD Director of Arbitration will preclude their attempts to secure a recovery for pre-October 6, 1987 activities, the Director's resolution of that issue does not purport to be final or binding upon the NASD arbitration Panel. We are advised that the parties will resume their arbitration Hearing on June 13 and 14, 1995, and that they will again have occasion to address the scope of the arbitrators' jurisdiction and the impact, if any, to be accorded by the arbitrators to Section 15.[2] As the Court of Appeals has made clear, however, the determination made by the Panel is one to which deference attaches.

Lastly, we would note that any other resolution of this issue, than to leave the determi-

2. We understand that the Plaintiffs contend an interpretation of the NASD casts doubt upon the jurisdictional proscription that the Defendants attach to Section 15. As did our Court of Appeals in *FSC Securities Corp. v. Freel*, 14 F.3d 1310, 1312 n. 2 (8th Cir.1994), we need not resolve the "substantive" versus "procedural" polemic which other Courts have addressed. See, e.g., *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993); *PaineWebber, Inc. v. Hofmann*, 984 F.2d 1372 (3rd Cir.1993); *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992). We would merely note that the District Court, in *FSC Securities Corp. v. Freel*, 811 F.Supp. 439, 444 n. 6 (D.Minn.1993), aff'd, 14 F.3d 1310 (8th Cir.1994), allowed for the possibility that the "NASD itself has taken conflicting positions with regard to section 15." We think that observation has significance since a regulatory interpretation by an NASD panel of arbitrators is entitled to deference, while that of the NASD is not. *Id.*

nation to the NASD arbitration Panel, would merely expose the Defendants to a form of double indemnity. We seriously doubt that the NASD Panel will explain the basis for any award that they might render. Were we to accede to the Plaintiffs' request that a second arbitration be conducted as to pre-October 6, 1987 claims, we would have no means of ascertaining whether the award that could be reached by either Panel would result in inconsistent or double recoveries. Similarly, we see no prejudice in permitting the NASD Panel to resolve this issue of arbitrability as, consistent with the reasoning of our Court of Appeals, the parties clearly and unmistakably entrusted the issue of arbitrability to the arbitrators for resolution. See, *First Options of Chicago, Inc. v. Kaplan,* — U.S. —, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Mastrobuono v. Shearson Lehman Hutton, Inc.,* — U.S. —, —, 115 S.Ct. 1212, 1216, 131 L.Ed.2d 76 (1995). Therefore, the Plaintiffs' Motion to Compel Arbitration should be denied, and the Defendants' Motion for Summary Judgment should be granted.

WHEREFORE, It is—

RECOMMENDED:

1. That the Plaintiffs' Motion to Compel Arbitration [Docket No. 13] be denied.

2. That the Defendants' Motion for Summary Judgment [Docket Nos. 3, 7 and 12] be granted.