**SMITH BARNEY, INC. and William Kirke, Appellees,**

v.

**Robert B. KEENEY and Barbara R. Keeney, Appellants.**

**SMITH BARNEY, INC. and William Kirke, Appellees,**

v.

**Merry LAMOND, Appellant.**

**Nos. 96–1052, 96–1053.**

Supreme Court of Iowa.

Oct. 22, 1997.

Gail E. Boliver of Boliver Law Firm, Marshalltown, for appellants.

Kathleen M. Quinn and Jeff A. Anderson of Kutak Rock, Omaha, NE, and Kimberly J. Walker and Melissa Shafter of Faegre & Benson, Des Moines, for appellee Smith Barney, Inc.

Ronald L. Sutphin and Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee William Kirke.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

CARTER, Justice.

■  The threshold question in this litigation is whether the consequences of a six-year limitation period for the arbitration of disputes under a customer's agreement with a securities firm is to be determined by an arbitrator or by a court. The securities firm, Smith Barney, Inc., and its sales representative, William Kirke, urged and the district court concluded that this was a matter for the court to decide. As a result of that conclusion, the district court found that the disputes the appellants desired to arbitrate arose from events occurring more than six years before the request for arbitration was made and were thus not arbitrable under the terms of the customer agreement.[1] The customers, appellants Robert B. Keeney, Barbara R. Keeney, and Merry Lamond, urge that a fair interpretation of the customer agreement leads to the conclusion that dis-

putes concerning the limitations period for the arbitration of claims was a matter that might be submitted to arbitration. Because we agree with the appellants' interpretation of the agreement, we reverse the orders of the district court.

The arbitration clause in the customer agreement at issue here contains the following provision concerning the arbitration of disputes:

> Any controversy arising out of or relating to any of my accounts, to transactions with you, your officers, directors, agents, and/or employees for me, or to this agreement, or the breach thereof, or relating to transactions or accounts maintained by me with any of your predecessor firms by merger, acquisition or other business combination from the inception of such accounts, shall be settled by arbitration in accordance with the rules then in effect of the NASD (National Association of Securities Dealers).

There is no provision contained in the customer agreement itself pertaining to a contractually limited period of time within which arbitration of disputes must be pursued following the event that gives rise to the dispute. The portions of the NASD code referred to in the customer agreement do provide such a period of limitation. Section 15 of the NASD Code of Arbitration Procedure provides:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

As to section 15 and the other sections of the NASD Code of Arbitration Procedure, it is provided that:

> junctive relief. It is apparent that this appeal may not be from a final judgment. Notwithstanding that circumstance, we grant permission to take the appeal pursuant to the authority contained in Iowa Rule of Appellate Procedure 1(c).

---

1. The district court's ruling that is challenged on this appeal was actually made with respect to a motion to compel arbitration filed by appellants Keeneys and Lamond during the pendency of Smith Barney's action for declaratory and in-

The arbitrator shall be empowered to interpret and determine the applicability of all provisions under this Code and to take appropriate action to obtain compliance with any ruling by the arbitrator(s). Such interpretations and actions to obtain compliance shall be final and binding upon the parties.

NASD Code of Arbitration Procedure § 35 (1990).

In *Lewis Central Education Ass'n v. Lewis Central Community School District*, 559 N.W.2d 19 (Iowa 1997), we recognized that, when an arbitration remedy is provided in a contractual agreement, the extent of what the parties have agreed to arbitrate is an issue of contract interpretation for a court to decide. *Lewis Cent. Educ. Ass'n*, 559 N.W.2d at 21. Subsumed within this principle, however, is the possibility that the parties themselves may have agreed to have the arbitrator resolve disputes over the scope of arbitration. Whether that occurred here is the question now before us.

The issue presented is remarkably close to that before the United States Court of Appeals for the Eighth Circuit in *FSC Securities Corp. v. Freel*, 14 F.3d 1310 (8th Cir. 1994). In that case, as in the present dispute, the customer agreement incorporated by reference the provisions of the NASD code. In reconciling section 15 of the NASD code with section 35 thereof, the court stated:

[T]he parties expressly agreed to have their dispute governed by the NASD Code of Arbitration Procedure. This means they adopted the entire NASD Code, including section 35.... [W]e hold that the parties' adoption of this provision is a "clear and unmistakable" expression of their intent to leave the question of arbitrability to the arbitrators. In no uncertain terms, section 35 commits interpretation of all provisions of the NASD Code to the arbitrators. Reading the NASD Code—effectively an agreement between the parties—as a whole, we see no reason not to apply section 35 to the arbitrators' decision regarding the application of section 15.

If the parties to an arbitration agreement wish to give arbitrators less discretion than that accorded by section 35, they are free to do so. However, in the context of the present case—looking at the NASD Code as a whole—we will not render section 35 a nullity by refusing to apply it to the arbitrators' decision regarding section 15.

*Freel*, 14 F.3d at 1312–13.

The district court rejected the Eighth Circuit's interpretation of section 15 and section 35 of the NASD code. It noted that a majority of the federal circuits have adopted an interpretation contrary to *Freel*. These cases include *Cogswell v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 78 F.3d 474 (10th Cir.1996); *Merrill Lynch, Pierce Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381 (11th Cir.1995); *Smith Barney, Inc. v. Schell*, 53 F.3d 807 (7th Cir.1995); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir. 1993); and *PaineWebber, Inc. v. Hofmann*, 984 F.2d 1372 (3d Cir.1993). Agreeing with the Eighth Circuit on the interpretation of sections 15 and 35 is the decision of *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750 (5th Cir.1995).

Those federal authorities that hold contrary to *Freel* on the question now before us have done so because of their application of the interpretive rules for determining questions of arbitrability laid down by the Supreme Court in *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In that case, the Supreme Court opined that the question of arbitrability is usually an issue to be decided by the courts "unless the parties clearly and unmistakably provide otherwise." *AT & T Techs.*, 475 U.S. at 648, 106 S.Ct. at 1418, 89 L.Ed.2d at 655. Following that decision, most federal courts in deciding questions of arbitrability have imposed a requirement that there be extraordinary clarity in the expression of intent to allow arbitrators to determine the scope of the issues to be arbitrated. The *Freel* court acknowledged the standard established in *AT & T Technologies* and found that it had been met by the language of section 35 of the NASD code. Those circuits that have held contrary to *Freel* on this issue have done so on the basis that the expression of intent to

commit the application of section 15 of the NASD code to the arbitrator is not clearly and unmistakably provided. For reasons that we will discuss, we need not enter into the arena of deciding whether the clarity of expression contained in section 35 sufficiently satisfies the *AT & T Technologies* standard.

The federal law basis for the Supreme Court's interpretive rules in *AT & T Technologies* was the Labor Management Relations Act, 29 U.S.C. § 185(a). Federal courts have carried this interpretive standard over into enforcement of arbitration agreements under federal law in maritime transactions or transactions involving commerce pursuant to 9 U.S.C. § 2. In the present case, however, neither party has invoked any federal law claims with respect to the issue of who is to decide arbitrability. Although the customer agreement at issue suggests that it is to be interpreted according to the laws of New York, no foreign law has been pleaded or proved, and Smith Barney entreats us to decide this case in accordance with Iowa law.

■■■ We recognized in *Lewis Central* that interpretation of an agreement affecting the scope of arbitrability under Iowa law is to be decided "as in any other contract dispute." *Lewis Central*, 559 N.W.2d at 22. Under our rules for contract interpretation, the intent of the parties controls, and unless there is an ambiguity, that intent is determined by what the contract itself says. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 862 (Iowa 1991); *Anderson v. Aspelmeier, Fisch, Power, Warner & Engberg*, 461 N.W.2d 598, 600 (Iowa 1990); *Pathology Consultants v. Gratton*, 343 N.W.2d 428, 434 (Iowa 1984). A contract is to be interpreted as a whole, and it is assumed in the first instance that no part of it is superfluous. *Iowa Fuel & Minerals, Inc.*, 471 N.W.2d at 863. The interpretation that gives a reasonable, lawful, and effective meaning to all terms is preferred to an interpretation that leaves a portion of the agreement of no effect. *Id.*

Applying these rules of interpretation to the present case, we find ourselves in agreement with the views expressed by the Eighth Circuit in *Freel* concerning the application of section 15 and section 35 of the NASD code

to the Smith Barney customer agreement. The sole source of the provision limiting the time within which arbitration may be pursued is the NASD code. Section 35 of that code clearly and unambiguously commits the interpretation and application of all of its provisions to the arbitrator. Nothing in the contract language provides a basis for excepting section 15 of the NASD code from that directive.

We have considered all issues presented and conclude that the Smith Barney customer agreement entered into with the Keeneys and Lamond provides that in the arbitration of disputes thereunder the application of the period of limitations contained in section 15 of the NASD code is for the arbitrator to determine along with the other issues presented. Consequently, we reverse the judgment of the district court and remand the case to that court for an order compelling arbitration.

**REVERSED AND REMANDED.**