OPINION OF THE COURT
Bernard J. Fried, J.
This declaratory judgment action and related CPLR article 75 proceeding arise from a dispute over the timeliness of the attempt by Michael H. Ziegelbaum to exercise 171,467 incentive stock options in the 2001 stock option plan (the MAH plan) of MarketAxess Holdings Inc. (MAH). At the time Ziegelbaum attempted to exercise the options, they were worth approximately $1.5 million. MAH is the plaintiff in the declaratory judgment action.
Until his termination effective July 31, 2006, Ziegelbaum had been employed by MarketAxess Corporation (MAC), a wholly-owned subsidiary of MAH. MAC is the petitioner in the article 75 proceeding. Ziegelbaum has an arbitration agreement with MAC, but not with MAH.
The article 75 proceeding seeks a permanent stay of a National Association of Securities Dealers (NASD) arbitration commenced by Ziegelbaum against MAC on January 18, 2007 in which Ziegelbaum asserts the same claim that MAH seeks to adjudicate in the declaratory judgment action. This claim is very straightforward on the merits: whether, under Delaware law, where the last day in which to exercise the options fell on a Sunday, Ziegelbaum’s attempt to exercise the options on the following Monday was timely.
In the declaratory judgment action, Ziegelbaum moves to compel MAH to arbitrate the claim by joining the pending arbitration against MAC.
On April 18, 2006, Ziegelbaum also commenced an arbitration against MAH on the ground that recent amendments to NASD rules make MAH subject to arbitration as a former member.*
The threshold issue in the article 75 proceeding is arbitrability — who decides whether this claim is arbitrable against MAC. *649 In the declaratory judgment action, the issue on Ziegelbaum’s motion to compel arbitration is whether grounds exist to compel MAH to arbitrate the claim.
MAC and Ziegelbaum entered into the standard NASD Form U-4 arbitration agreement. The arbitrability issues are further complicated by the fact that MAC is not a party to the 2001 MAH stock option plan. Thus, the issue of arbitrability involves not only whether the claim is arbitrable, but against whom it is arbitrable.
I hold that, pursuant to the terms of the NASD Form U-4 arbitration agreement, the parties agreed that the NASD arbitrator decides arbitrability (see Alliance Bernstein Inv. Research & Mgt., Inc. v Schaffran, 445 F3d 121, 125 [2d Cir 2006]; Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 47 [1997]).
Ziegelbaum began his employment in 2000 with MarketAxess, Inc., which was then a NASD member. He received an initial grant of 162,211 options from MarketAxess, Inc., in what was then the MarketAxess, Inc., 2000 Stock Incentive Plan. These options vested over a period of years.
On March 23, 2001, MarketAxess, Inc. acquired Market Edge, Inc., a fixed-income broker dealer. Thereafter, MarketAxess, Inc. transferred all its domestic operations to Market Edge, Inc. On February 28, 2002, Market Edge, Inc. changed its name to MAC, and MarketAxess, Inc. changed its name to MAH. MAH resigned from NASD as of that date, and became a holding company with no direct operations.
Ziegelbaum became an employee of MAC on February 28, 2002 after briefly working for Market Edge. He thereafter received an additional 9,256 options from MAH, which amended the 2000 stock incentive plan to reflect the name change to MAH. Plaintiffs incentive shares all became shares in the MAH 2001 stock incentive plan. On November 4, 2004, MAH completed an initial public offering. Its stock is traded on NASD under the ticker symbol MKTX.
By notice dated July 31, 2006, MAC informed Ziegelbaum that his termination was effective as of that date, and that his vested rights to exercise stock options will be determined in ac *650 cordance with the terms of the MarketAxess Holdings, Inc. stock option plan. The notice also advised Ziegelbaum that he had 90 days from the date of the notice to exercise the options.
Ziegelbaum and MAC executed a separation agreement and general release dated September 14, 2006 which provided that nothing in the release would affect any vested rights under any MarketAxess stock option plan, but that Ziegelbaum’s rights under any plan “will be determined in accordance with the terms of such plan.” The MAH plan does not contain an arbitration clause, but provides that it will be governed by Delaware law.
Pursuant to section 8.2 (ii) of the plan, Ziegelbaum’s vested options were exercisable “at any time within a period of 90 days from the date of such Termination.” The 90th day after July 31 fell on a Sunday. When Ziegelbaum attempted to exercise the options on Monday, October 30, 2006 — the 91st. day — he was advised by the third-party option administrator, AST Solutions, Inc., that the options had expired, and the last day on which he could have exercised the options had been Friday, October 27, 2006.
After attempts to resolve the. issue failed, Ziegelbaum commenced a NASD arbitration proceeding against MAC in January 2007. The relief demanded in the statement of claim for that arbitration is “an order directing [MAC] to take any and all actions necessary to enable [Ziegelbaum] to exercise his stock options forthwith.” Alternatively, Ziegelbaum seeks damages, both compensatory and punitive, as well as counsel fees. Counsel states that no arbitrator has yet been selected.
By complaint dated February 26, 2007, MAH commenced a declaratory judgment action against Ziegelbaum seeking a declaration that Ziegelbaum’s attempted exercise of the stock options on the 91st day was untimely and that the options had expired.
By motion dated March 15, 2007, Ziegelbaum moved pursuant to CPLR 7503 (a) to compel arbitration of the declaratory judgment action, and stay the court proceeding. The affirmation in support of the motion to compel states that the purpose of the motion is to compel MAH to join the arbitration against MAC.
By order to show cause dated April 5, 2007, MAC commenced an article 75 proceeding against Ziegelbaum seeking both a temporary and a permanent stay of that arbitration proceeding.
*651 The MAC Article 75 Proceeding
MAC filed a petition for a permanent stay of the arbitration proceeding commenced on January 18, 2007 on the ground that Ziegelbaum’s claim does not arise out of his employment with or termination by MAC, and that the claim is properly against MAH not MAC, and MAH is not a NASD member.
The only arbitration clause submitted is contained in the standard NASD Form U-4, between Ziegelbaum and MAC, and provides as relevant: ‘T agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD].”
NASD arbitrations are governed by the Federal Arbitration Act (FAA), which “preempts State law on the subject of the enforceability of arbitration clauses” (Fletcher v Kidder; Peabody & Co., 81 NY2d 623, 630 [1993]).
The following NASD rules have been amended and renumbered, but still apply to the MAC arbitration. Rule 10101 of the NASD Code of Arbitration Procedure, entitled “Matters Eligible for Submission,” states as pertinent: “This Code of Arbitration Procedure is prescribed ... for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member . . . .”
NASD Code of Arbitration Procedure rule 10201 (a), captioned “Required Submission,” states:
“Except as provided in paragraph (b) or Rule 10216 [statutory discrimination claims], a dispute, claim, or controversy eligible for submission under the Rule 10100 Series between or among members and/or associated persons, and/or certain others, arising . . . out of the employment or termination of employment of such associated person (s) with such member, shall be arbitrated under this Code, at the instance of: . . .
“(2) . . . a person associated with a member against a member.”
MAC is a member, and Ziegelbaum was a person associated with a member at the time of his termination.
The threshold issue is whether the court or a NASD arbitrator must decide whether Ziegelbaum’s claim “is *652 required to be arbitrated under the rules, constitutions, or by-laws of the [NASD],” to quote the language of the arbitration agreement. MAC and MAH argue that this claim does not arise out of Ziegelbaum’s employment or termination, likening the 2001 MAH stock incentive plan to a third-party provider. Whether this argument is correct relates to the merits of arbitrability; it does not bear directly on the issue of who decides arbitrability.
NASD Uniform Code of Arbitration rule 10324 states: “arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code . . . Such interpretations . . . shall be final and binding upon the parties.” Thus, by executing the Form U-4 expressly incorporating NASD rules into the arbitration clause, MAC and Ziegelbaum agreed that the NASD arbitrator will have the power to interpret and determine the applicability of rule 10201 (a), captioned “Required Submission,” and therefore to determine whether this is a claim arising “out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with [MAC].” Thus the parties authorized the NASD arbitrator to determine whether this claim is required to be submitted to arbitration. By the same logic, the parties also agreed that the NASD arbitrator shall have the power to “interpret and determine the applicability” of the “certain others” provision set forth in rule 10201 (a).
This holding follows the holding of the Second Circuit’s opinion in Alliance Bernstein Inv. Research & Mgt., Inc. v Schaffran (445 F3d 121, 125 [2006], supra), which involved the same Form U-4 incorporating NASD rules as here. The issue was the arbitrability of Schaffran’s claim that he was terminated for whistleblowing in violation of the Sarbanes-Oxley Act (SOX). The Second Circuit held that the issue of arbitrability was for the NASD arbitrator because rule 10324 empowered the arbitrator to determine “whether a SOX claim is an ‘employment discrimination’ claim within the meaning of Rule 10201(b) of the Code” (id. at 124), which would be excluded from claims required to be submitted under NASD rule 10201 (b) (see also FSC Sec. Corp. v Freel, 14 F3d 1310, 1313 [8th Cir 1994] [holding that determination of timeliness is for arbitrator pursuant to NASD Uniform Code of Arbitration rule 10324]).
*653 Similarly, the New York Court of Appeals stated in a case that involved a Form U-4 that incorporated NASD rules: “The reasoning is that ‘by adopting the NASD Code of Arbitration Procedure as the rules governing their dispute, [the parties] agreed to give the arbitrators discretion via section [10324] of [the] Code to interpret section 15’s time limitation’ ” (Matter of Smith Barney Shearson v Sacharow, 91 NY2d at 47 [citation omitted]). There, of course, the question of arbitrability turned on the timeliness of the claim.
The broad and unambiguous language of the Form U-4 arbitration clause, by incorporating NASD rules, sufficiently evinces an intent to provide that the arbitrator shall decide arbitrability, to rebut the presumption in favor of judicial determination of arbitrability enunciated in First Options of Chicago, Inc. v Kaplan (514 US 938, 944 [1995]; see also Howsam v Dean Witter Reynolds, Inc., 537 US 79, 83 [2002]; Bell v Cendant Corp., 293 F3d 563, 566 [2d Cir 2002]).
This language also satisfies the standard of “clear and unmistakable evidence from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator.” (Bell, 293 F3d at 566 [internal quotation marks omitted], quoting PaineWebber Inc. v Bybyk, 81 F3d 1193, 1198-1199 [2d Cir 1996], quoting First Options of Chicago, Inc. v Kaplan at 944.)
I am not permitted to exercise discretion in determining whether to refer an issue to arbitration. The FAA requires “arbitration on issues as to which an arbitration agreement has been signed” {Dean Witter Reynolds Inc. v Byrd, 470 US 213, 218 [1985]). As set forth above, arbitrability is an issue that the parties agreed to submit to the arbitrator.
I am thus constrained to refer the issue of arbitrability to the NASD arbitrator unless I can state “with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage” (Steelworkers v Warrior & Gulf Nav. Co., 363 US 574, 582-583 [1960]; John Hancock Life Ins. Co. v Wilson, 254 F3d 48, 58 [2d Cir 2001]; Thomas James Assoc., Inc. v Jameson, 102 F3d 60, 65 [2d Cir 1996]).
I decline so to hold. Considering the circumstances of this claim, and the fact that the arbitration clause incorporates NASD rules, I cannot say with such a degree of certainty that “the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.” It is up to the arbitrator to determine whether this claim “arise[s] out of the employment *654 or termination of employment of [Ziegelbaum],” and whether MAH can be compelled to join the arbitration as a “certain other” (NASD Code of Arbitration Procedure rule 10201 [a]), or on the other grounds for compelling a nonsignatory to arbitrate under the FAA, discussed below. Therefore, the petition is denied.
The MAH Declaratory Judgment Action
In his motion to compel arbitration of the declaratory judgment action, Ziegelbaum argues that MAH can be compelled to arbitrate as a “certain other” pursuant to NASD Code of Arbitration Procedure rule 10201 (a) (supra).
In support, Ziegelbaum submits evidence that MAC and MAH have interlocking directors and officers, share the same office space, and hold themselves out as one company. Motions to compel arbitration are determined under a summary judgment standard (see Bensadoun v Jobe-Riat, 316 F3d 171, 175 [2d Cir 2003]).
I hold only that Ziegelbaum has not made a sufficient evidentiary showing to establish as a matter of law any of the grounds required to compel a nonsignatory of an arbitration clause to arbitrate under either the FAA or the NASD Code.
Ziegelbaum has not established as a matter of law the degree of agency or instrumentality required for MAH to be subject to arbitration as a “certain other” as that term is construed (see Thomas James Assoc., Inc. v Jameson, 102 F3d 60 [1996]; McMahan Sec. Co. L.P. v Forum Capital Mkts. L.P., 35 F3d 82, 87-88 [2d Cir 1994]).
Under the FAA, “ordinary principles of contract and agency [law]” may provide grounds for holding “a nonsignatory party . . . to an arbitration agreement” (Thomson-CSF, S.A. v American Arbitration Assn., 64 F3d 773, 776 [2d Cir 1995]). The Thomson-CSF court then cited incorporation by reference, assumption, agency relationship, veil piercing, alter ego, and estoppel as possible grounds (see also WorldCrisa Corp. v Armstrong, 129 F3d 71, 76 [2d Cir 1997]).
Ziegelbaum’s evidence of interlocking directors and officers, shared office space, and presenting as one company fails to establish any of these grounds as a matter of law (see generally American Fuel Corp. v Utah Energy Dev. Co., Inc., 122 F3d 130, 135 [2d Cir 1997]; American Protein Corp. v AB Volvo, 844 F2d 56, 60 [2d Cir 1988]).
*655 Accordingly, it is ordered that Ziegelbaum’s motion to compel arbitration of the declaratory judgment action is denied; and it is ordered that MAC’s petition to stay permanently the arbitration commenced on January 18, 2007 is denied; and it is ordered that the issue of arbitrability is referred to the NASD arbitrator in the proceeding commenced on January 18, 2007 against MAC.

 At oral argument on May 18, 2007, the parties agreed, with my encouragement, that the arbitration against MAH would be part of this motion. I suggested to the parties that an amended notice of motion may be necessary to *649 include the MAH arbitration. MAH had informally applied for a stay of the MAH arbitration in its surreply memorandum of law. No amended notice of motion has been filed. MAH is not a party to the article 75 proceeding. Accordingly, I do not make any findings with respect to the arbitration commenced against MAH.