**REVERSE and REMAND and Opinion Filed October 5, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00239-CV**

**PHILIP W. HOLIFIELD AND HAZEL HOLIFIELD, Appellants**
**V.**
**BARCLAY PROPERTIES, LTD, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-01282**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

In this interlocutory appeal, appellants Phillip and Hazel Holifield (the "Holifields") challenge the trial court's denial of their motion to compel arbitration. In two issues, the Holifields contend the trial court erred in denying their motion because (1) the claim asserted by Barclay Properties, Ltd. ("Barclay") falls within the scope of the parties' arbitration agreement and (2) the parties delegated the issue of arbitrability to the arbitrator. Because the parties' arbitration agreement delegated questions of arbitrability to the arbitrator, we reverse the trial court's order denying the motion to compel and remand this case to the trial court for further proceedings

consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Barclay is a construction company specializing in the construction of residential homes. Barclay constructed and sold a home to the Holifields on November 6, 2018. As part of the transaction, the parties entered into a New Residence Construction Contract (the "Contract"), which contained the following arbitration provision:

> It is the policy of the State of Texas to encourage the peaceable resolution of disputes through alternative dispute resolution procedures. Purchaser and seller hereby agree that any controversy or claim or matters in question between the parties including, but not limited to, any matter arising out of or relating to (a) this Contract, and any amendments thereto, (b) any breach thereof, (c) the design or construction of the Property, (d) any alleged fraud, misrepresentations or breach of warranties, express or implied, (e) claims for defective design or construction of the Property, (f) intentional and/or negligent infliction of emotional distress, (g) violations of the Texas Deceptive Trade Practices-Consumer Protection Act, (h) violations of the Texas Residential Construction Liability Act, and/or (i) any other cause of action relating to or arising out of the construction and/or sale of the Property by Seller to Purchaser, (herein referred to collectively as a "Dispute"), shall be submitted to mediation with the American Arbitration Association ("AAA") where the parties will endeavor to resolve the Dispute in an amicable manner. In the event any Dispute cannot be resolved by mediation, the Dispute shall be submitted to binding arbitration with the AAA pursuant to Title 9 of the United States Code, which the parties hereto acknowledge and agree applies to the transaction involved herein, and in accordance with the Construction Industry Arbitration Rules of the AAA or such other rules as the AAA may deem applicable. In any such arbitration proceeding: (i) all federal and state law (including Chapter 27 of the Texas Property Code) and all statutes of limitations which would otherwise be

–2–

applicable shall apply; and (ii) the proceeding shall be conducted by a single arbitrator.  The arbitrator shall be selected by the process of appointment from a panel pursuant to the applicable procedures of the AAA.  Any award rendered in any such arbitration proceeding shall be final and binding, and judgment upon any such award may be entered in any court having jurisdiction.

If any party to this Contract files a proceeding in any court to resolve any such controversy, dispute or claim, such action shall not constitute a waiver of the right of such party or a bar to the right of any other party to seek arbitration of that or any other claim, dispute or controversy, and the court shall, upon motion of any party to the proceeding, direct that such controversy, dispute or claim be arbitrated in accordance herewith.

The Contract further specified, if the Holifields have complaints concerning a construction defect, they are required to send Barclay a letter pursuant to Chapter 27 of the Texas Property Code.  More particularly, the Contract provided:

**IF YOU HAVE A COMPLAINT CONCERNING A CONSTRUCTION DEFECT ARISING FROM THE PERFORMANCE OF THIS CONTRACT AND THE DEFECT HAS NOT BEEN CORRECTED THROUGH NORMAL WARRANTY SERVICE, YOU MUST PROVIDE NOTICE REGARDING THE DEFECT TO THE CONTRACTOR BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, NOT LATER THAN THE 60TH DAY BEFORE THE DATE YOU FILE SUIT TO RECOVER DAMAGES IN A COURT OF LAW. THE NOTICE MUST REFER TO CHAPTER 27, PROPERTY CODE, AND MUST DESCRIBE THE CONSTRUCTION DEFECT. IF REQUESTED BY THE CONTRACTOR, YOU MUST PROVIDE THE CONTRACTOR AN OPPORTUNITY TO INSPECT AND CURE THE DEFECT AS PROVIDED BY SECTION 27.004, PROPERTY CODE.**

On September 29, 2020, the Holifields sent Barclay a letter (the "Letter") identifying fourteen categories of alleged defects and items of concern.  The

Holifields also sent the letter to Bobby Fletcher, the President of Cresthill Properties, Inc., and to Mike Simmons, the Senior Pastor at Hillcrest Baptist Church (the "Church"). Barclay had been working for the past year with the Church on potential business opportunities, including the development and construction of a 37,000 square foot, two-story, commercial medical office building on Church property that was to be jointly operated by Barclay and the Church. Further, the other recipient of the Letter, Cresthill Properties, is a development company owned or otherwise affiliated with the Church and has done business with Barclay in the past. Barclay notified the Holifields that all of the listed items were outside the warranty period, and they were not legitimate warranty complaints.

On February 1, 2021, Barclay filed suit against the Holifields seeking a declaration that it owed them no obligations and was not liable to them for any alleged construction defects and asserting that the Holifields tortiously interfered with prospective business relations of Barclay by sending the letter to representatives of Cresthill Properties and the Church and directing other homeowners in their subdivision to do the same. Barclay asserted that the Holifields had no legitimate reason for sending the letter to Fletcher and Simmons and that they did so in an attempt to damage Barclay's business relations with the Church and to prevent Barclay from obtaining a construction contract with the Church. The Holifields sought to compel mediation and arbitration. Barclay then amended its petition to assert a tortious interference with prospective business relations claim only and argued this claim

–4–

was outside the scope of the Contract's arbitration provision. Following the hearing on the motion to compel, the Holifields notified the trial court that they did not plan on filing a construction defect claim against Barclay at that time. The trial court denied the Holifields' motion and this interlocutory appeal followed.

## DISCUSSION

We address the Holifieds' second issue first as it is dispositive of this appeal. In it, they assert the trial court erred in failing to refer issues of arbitrability to the arbitrator. They contend that under the Contract, this issue was for the arbitrator to decide.

Generally, the question of arbitrability is a gateway issue to be decided by a court rather than an arbitrator. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 229 (Tex. App.—Dallas 2010, pet. denied). The parties, however, may agree to submit matters of substantive arbitrability to arbitration. *Saxa*, 312 S.W.3d at 229 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("[A]n arbitration clause that reallocates traditional court functions to the arbitrator is enforceable. . . .")). When deciding whether parties agreed to arbitrate a certain matter, courts ordinarily apply state-law principles governing the formation of contracts. *Seven Hills Commercial, LLC v. Mirabal Custom Homes, Inc.*, 442 S.W.3d 706, 715 (Tex. App.—Dallas 2014, pet. denied). Courts should not assume that parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did

so. *Id.*; *see First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Silence or ambiguity about who should decide the arbitrability issue should not lead a court to presume the parties intended the issue to be decided by the arbitrator. *Saxa*, 312 S.W.3d at 229. Rather, a court must examine the arbitration agreement to decide if it evidences a clear and unmistakable intention that the arbitrator will have the authority to determine the scope of arbitration. *Id.* Where the parties' contract clearly and unmistakably delegates the arbitrability question to the arbitrator, the court possesses no power to decide the arbitrability issue. *HomeAdvisor, Inc. v. Waddell*, No. 05-19-00669-CV, 2020 WL 2988565, at *5 (Tex. App.—Dallas June 4, 2020, no pet.) (mem. op.) (citing *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 532 (Tex. 2019)).

The Holifields and Barclay agreed that any arbitration would be administered by the AAA and governed by the AAA's Construction Industry Arbitration Rules (the "Rules"). The Rules provide the arbitrator has the power "to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement" and "to determine the existence or validity of a contract of which an arbitration clause forms a part." *See* American Arbitration Association, Construction Industry Arbitration Rules & and Mediation Procedures, Rule 9, available at: https://www.adr.org/sites/default/files/Construction%20Rules.pdf. This Court, and many others, have held that a bilateral agreement to arbitrate under the AAA rules

constitutes clear and unmistakable evidence of the parties' intent to delegate the issue of arbitrability to the arbitrator. *See HomeAdvisor*, 2020 WL 2988565, at *5; *see also Arnold v. Homeaway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018); *Trafigura Pte. Ltd. v. CNA Metals Ltd.*, 526 S.W.3d 612, 617 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 802 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Saxa*, 312 S.W.3d at 230;[1] *In re Rio Grande Xarin II, Ltd.*, Nos. 13-10-00115-CV, 13-10-00116-CV, 2010 WL 2697145, at *8 (Tex. App.—Corpus Christi–Edinburg July 6, 2010, pet. dism'd) (mem. op.) (cataloging cases). Where the parties have assigned the question of arbitrability, the scope of that assignment is a matter for the arbitrator to resolve as with any other question so assigned.[2] *FSC Sec. Corp. v. Freel*, 14 F.3d 1310, 1312 (8th Cir. 1994).

When, as here, the parties agree to a broad arbitration clause[3] and explicitly incorporate rules empowering the arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator. *Saxa*, 312 S.W.3d at 230. Because there is

---

[1] Barclay asserts the Supreme Court of Texas overruled *Saxa* in *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624 (Tex. 2018). It did not and, in fact, it declined to decide the consequence of incorporating the AAA rules in disputes between signatories to an arbitration agreement as the dispute involved a party to the arbitration agreement and a non-signatory. *Id.* at 631–32.

[2] As such a determination has not yet been made, the question of our standard of review of such a determination is not presently before us.

[3] Here, the parties agreed to submit "any controversy or claim or matters in question between the parties including, but not limited to, any matter arising out of or relating to" the Contract etc. to arbitration.

unmistakable evidence that the parties agreed to arbitrate questions of arbitrability, it is for the arbitrator to decide whether Barclay must arbitrate its claim against the Holifields. *See id.* The trial court therefore abused its discretion when it reached this question and denied the arbitrator the opportunity to decide same. We sustain the Holifields' second issue and pretermit consideration of the Holifields' first issue urging the trial court erred in denying their motion because Barclay's claim is within the scope of the arbitration agreement. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order denying the motion to compel arbitration and remand this case to the trial court for further proceedings consistent with this opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210239F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

PHILIP W. HOLIFIELD AND
HAZEL HOLIFIELD, Appellants

No. 05-21-00239-CV          V.

BARCLAY PROPERTIES, LTD,
Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-01282.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's order denying Appellants' Motion to Compel Arbitration is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants PHILIP W. HOLIFIELD AND HAZEL HOLIFIELD recover their costs of this appeal from appellee BARCLAY PROPERTIES, LTD.

Judgment entered this 5th day of October 2021.